JOSEPH WARREN v. PAULINE FREDERICHS.

No. 2628.

1. **Parol Partition of Land.**—In support of the right of one holding under a parol partition of land it is competent to prove by parol that such partition had been made by the joint owners. It was also competent to prove by parol that a partition subsequently had of the same land under the orders of the Probate Court was so made by some of the parties because others participating in the partition had died.

2. **Title by Limitation — Break in Possession.** — Where title is asserted by plaintiff by limitation, and the testimony tends to show possession within the time necessary for the existence of adverse possession in order to confer title, by one or more not in privity with the parties asserting title by limitation, it was proper for the court to instruct the jury that such possession broke the continuity of the possession asserted as title.

3. **Decree of Partition—Probate Court.**—A decree made by a Probate Court of this State showing that it was made upon the report of commissioners based upon the consent of parties, and showing that the distribution was made among the heirs of their ancestor who owned the land, is competent, without showing the proceedings prior to such decree.

4. **Admissions of Tenant Against Landlord.**—Title to land by limitation may be acquired by one by adverse possession of it through another who is his tenant. The admissions of such tenant are incompetent against his landlord.

5. **Hearsay.**—The declarations of one not in privity with the party against whom they are offered, although made while he was residing upon the land in controversy, are but hearsay and are incompetent.

6. **Ancient Instrument.**—See testimony to circumstances attending an ancient instrument, which had been attacked by an affidavit of forgery, authorizing the admission of the instrument in evidence.

7. **Same—Practice.**—When the preliminary proof upon which the ancient deed is permitted to be read is disputed or is conflicting, it is proper for the court, under proper instructions, to submit the issue to the jury.

8. **Charge of the Court—Limitation in Tenancy in Common.**—Where coverture was relied upon to avoid the statute of limitations, and such coverture applied only to a part (undivided) interest, and the extent of the interest was changed by purchase and by sale, the court in the charge should adapt the instructions to such interest and the changes therein. A failure to do so is error.

APPEAL from Goliad.   Tried below before Hon. H. Clay Pleasants. The opinion states the case.

*Daniel D. Claiborne* and *A. B. Peticolas*, for appellant, cited Pasch. Dig., arts. 1358–1369; 1 Greenl. Ev., secs. 511, 99, 100, 21, 143, 144, 564–570; Withers v. Patterson, 27 Texas, 494; Terrell v. Martin, 64 Texas, 124; Hart. Dig., art. 167; Rev. Stats., art. 4351; Craig v. Cartwright, 65 Texas, 421.

*Glass & Callendar* and *Fly & Davidson*, for appellee. — The issues of fact were fairly submitted by the court.   The jury, in the exercise of their prerogative of passing on the facts, have under the instructions found the deed from Hall to Walker to be genuine, and have also found that plaintiff and those under whom he claimed have not had such possession as to give him title.   We think the verdict fully warranted by the facts.

HENRY, ASSOCIATE JUSTICE.—The appellant filed his petition in the District Court to recover a tract of land containing one hundred and fifty and nine-tenths acres.   He claimed by his petition to have title by reason of the adverse possession of himself and those under whom he held under the ten years statute of limitation.   He charged that the adverse possession was taken on the 1st day of January, 1854, and was continuously maintained until the 26th day of May, 1884.

The defendant answered by plea of not guilty, and that during the period of the alleged occupancy the land was owned by one Phoebe E. Angell, who was a married woman, and that defendant deraigns title through her.

The evidence shows that possession of the land was taken by one Toombs in 1856 or 1857.   He remained on it until 1866, when he sold out to E. N. Cassells, who moved on the land when Toombs moved off.   Cassells remained on the land until 1870, when he leased it to one Stutsman for two years.   Stutsman went on the land and remained until the fall of 1871, when he moved off.   After Stutsman left, one Hall moved on the land

and was in possession of it a few weeks.   If he held under or for anybody the record does not disclose it.   He did not claim the land.   Shortly after Hall left (in December, 1871), the mother of plaintiff moved on the land. She shortly afterwards married one McCaig.   In the spring of 1872 Cassells sold out to McCaig, and he remained until he sold to plaintiff, who took possession and kept it until he was dispossessed on the 26th of May, 1884, through a suit of forcible entry and detainer brought by defendant.

The evidence indicates that plaintiff's mother occupied the land with the consent of Cassells.   There is some doubt made by the evidence as to whether the land was at any time occupied in hostility to the true owner, and as to whether the occupants claimed or bought or sold anything but the improvements.

The defendant proved that the land is part of a league patented to Solomon Hall on November 13, 1845.   She introduced a deed from Solomon Hall to W. W. Walker, for the league, dated November 8, 1837, and evidence of the death of Walker and his wife; also evidence showing who their heirs were.

A decree of the County Court of Fort Bend County was introduced showing a partition of the Solomon Hall league among the heirs of Mary Jarmon.   This decree is dated January 29, 1869.

The evidence shows that Mary Jarmon was the wife of W. W. Walker when the land in controversy was acquired by him.   After the death of Walker she married Jarmon, and died without other issue than her children by Walker.   Evidence was introduced that there had been a parol partition of the Solomon Hall league between the heirs of W. W. Walker and wife previous to the war, by which the same disposition of the land was made as by the decree of the Fort Bend County Court, and that said parol partition was satisfactory and acted on by the parties, and that the cause of having the court make a second one was that some of the children sharing in the first one had in the meantime died without issue.   The decree of partition allotted the land in controversy to Phoebe E. Angell and John W. Rundell.   On the 30th day of November, 1869, John W. Rundell conveyed his interest in the land to Phoebe E. Angell and her husband E. P. Angell.   The record indicates that this deed conveyed an undivided half interest in the land, and there is nothing in the deed or in the record to indicate that it had other than its ordinary effect of vesting the title in the community.

P. E. and E. P. Angell conveyed the land to James Angell on the 20th day of July, 1874, and he conveyed it to William Hoff on the 10th day of November, 1882; William Hoff conveyed it to appellee on June 1, 1883.

The evidence shows that Phoebe E. Angell was the wife of E. P. Angell from the year 1855.   When the deed from Solomon Hall to W. W. Walker was filed the plaintiff filed an affidavit that he believed it was a forgery, but offered no evidence in support of his affidavit.   In connec-

tion with her offer of the deed the defendant proved by W. L. Davidson that he had been the attorney of the heirs of William W. Walker; that among the papers placed in his hands by them was a power of attorney purporting to be executed by Solomon Hall to certain named parties, reciting that he had, before obtaining his certificate, conveyed the league of land granted him by the State of Texas to William Walker, and empowering said parties, or any of them, in case said deed of conveyance was not sufficient to pass title, to make for him and in his name a valid conveyance of said league to said Walker; that the recitals of this power of attorney caused him to make search for the instrument therein referred to, and that after searching in various places witness found the deed in a wooden box in a pigeon hole in the office of the county clerk of Austin County, Texas, in a package of papers labeled " W. W. Walker;" that the deed since so found by him several years before the trial had been in his custody and the custody of the heirs of W. W. Walker until filed in this case.

There is evidence in the record showing that the said clerk's office had been the place of deposit of colonial grants until their removal to the General Land Office; and also that such deeds between parties are still kept there as archives.

Evidence tending to contradict defendant's evidence with regard to the power of attorney and the custody of the deed was introduced by plaintiff.

There was no error in permitting the witness Davidson to testify that before the war a parol partition of the Hall league was made, and that the subsequent partition in the County Court of Fort Bend County was made between some of the same parties because others of them had died.

We think the evidence that in the fall of 1871 the tenant in possession left the land unoccupied, and that a stranger moved on to it and was in possession of it for a period of time, made the charge given by the court on the subject of breaks in the possession proper.

The charge complained of was as follows: " If the jury find from the evidence that one or more persons had possession of this land other than Cassells and those who were there by his permission and authority, between the time Cassells took possession and the fall of 1871, then the possession of Cassells and his tenants, and also the possession of Cassells' vendor, can avail the plaintiff nothing, and he can not connect it with the possession of himself and his immediate vendor."

The evidence produced of the partition in the County Court of Fort Bend County consisted of a certified copy of the decree of partition only.

The decree shows that it was made upon the report of commissioners, based upon the consent of the parties. It shows that the distribution was made between five heirs of Wm. Walker, and that Phoebe E. Angell was one of the five.

The introduction in evidence of the decree was objected to on the grounds:

"1. Because it purports on have been made on a written agreement, and the agreement was not produced.

"2. Because before it was introduced title should have been shown in Mary Jarmon.

"3. Because the transcript did not include the report of the commissioners.

"4. Because it appears that all of the heirs were of lawful age, and being competent to partition the land among themselves the court had no jurisdiction to do so."

We think these objections were properly overruled. The record contains nothing indicating a want of jurisdiction in the County Court to make the partition, and it was not necessary for the defendant to produce more of the proceedings in that court than she did.

A witness for defendant was permitted to testify that while Stump Warren was living on the land in controversy he sent him word that it was for sale, and that Warren came to him and offered to purchase the land; that they failed to trade because Warren stated he did not have the money to purchase the whole tract, and the witness declined to sell him less than the whole. The witness subsequently sold the land to Hoff.

This evidence was objected to by plaintiff upon the ground that said Warren had testified that he was a tenant of plaintiff when the statements were made, and therefore he could not be permitted to affect the rights of plaintiff.

Stump Warren, on cross-examination by defendant, was permitted to testify to the same conversation with the witness Payne, and his evidence was objected to upon the same ground.

Title to land by limitation may be acquired by one by adverse possession of it through another who is his tenant. Notwithstanding the trespass, the relation of landlord and tenant may exist between the occupant of the land and the person for whom he is holding the possession.

Under the operation of the rules governing the relations between landlord and tenant, and under the circumstances of this case, we do not think the evidence should have been admitted.

Where there is a conflict in the evidence as to whether the party in possession was in fact there as a tenant, the evidence should go to the jury with appropriate instructions to disregard it if they find that the relation of landlord and tenant in fact existed.

E. R. Lane, a witness for defendant, was permitted to testify that "Mac Cassells, the brother of Elias Cassells, proposed to buy the land in controversy from witness as the attorney of Angell, telling witness that he had as much right as his brother Elias to buy the land, as their father Elias Cassells, then dead, had settled on the land with an agreement with Angell.

that he should have the refusal of the land when it should be put on the market, and that at the time of the statements the witness was at the house of said Cassells, who was then residing upon the land in dispute."

The evidence was objected to by plaintiff upon the grounds that it was hearsay and because plaintiff was not claiming under said Mac Cassells.

The objections should have been sustained. It does not appear that plaintiff claims the land through the occupancy of said Mac Cassells, or that he was in any manner so related to him as to make the declarations binding upon him.

The deed from Solomon Hall to William Walker was read to the jury by defendant. Plaintiff objected to it upon the following grounds:

1.   Because proof of any action having been taken under it was insufficient.

2.   Because it did not come from the proper custody.

3.   Because it had been attacked as a forgery.

The deed was over thirty years old. Defendant produced it and offered evidence tending to account for its custody while it was out of the actual possession of the heirs of William Walker. The power of attorney that was testified to as having been found among the papers of Walker and referring to it was properly considered. We think that under these circumstances the ruling permitting the deed to be read was correct.

When the preliminary proof upon which the deed is permitted to be read is disputed or is conflicting, it is proper for the court, under proper instructions, to submit the issue to the jury. If it had been requested it would have been proper to submit that issue in this case.

The court also charged that if Mrs. Angell was a married woman when McCaig took possession of the land under Cassells (in 1872), then the possession of plaintiff and that of those under whom he claims can avail him nothing.

Previous to the partition in 1869 it seems Mrs. Angell owned no more than an undivided one-fifth interest in the land, and therefore her coverture up to that time could not affect the operation of the statute as to the remaining four-fifths interest.

In the partition the land in controversy was allotted to her and her brother John W. Rundell. She never acquired but one-half of her brother's interest, so that at the period named in the charge she owned and her coverture affected three-fourths undivided interest, and not the whole tract.

When, on the 20th day of July, 1874, she and her husband conveyed the whole of the land to James Angell, her coverture ceased to affect the question of limitation at all, while the charge of the court made it operate until 1884.

Except as mentioned, we do not find error in the charges or rulings of the court.

For the errors noticed, the judgment is reversed and the cause is re-manded.

*Reversed and remanded.*

Delivered March 28, 1890.