HENNELL STEVENS ET AL. V. HEIRS OF T. W. MASTERSON, DECEASED.
Decided February 25, 1897.

1. **Evidence—Suits By or Against Executors, Etc.—Warrantor as Witness.**

In a suit for land, to which an executrix is a party, a warrantor of defendant, who has not been notified to defend the suit and, whom defendant, after pleading against him, has dismissed without having him served with process, would not be bound by the judgment, and is not disqualified, as a party to the suit, from testifying as to transactions with, or declarations by, the testator. (P. 423.)

2. **Practice in Courts of Civil Appeals—Rendering Judgment—Disputed Facts.**

Under art. 1027 Rev. Stats., 1895, the Court of Civil Appeals, on reversing the judgment of the lower court, is not authorized to render judgment unless, as a matter of law, upon the evidence contained in the record, the one party or the other is entitled to judgment. The facts supporting the case of the party in whose favor it is rendered must be undisputed, and the evidence or agreed facts such as would authorize the trial court to direct a verdict for such party. (Railway v. Strycharski, ante, — followed.) See opinion for case held to present disputed questions of fact. (Pp. 423 to 425.)

3. **Community Property—Deed by Widow and Executrix.**

The widow and executrix of T. W. M., without authority from the will or order of court, executed a warranty deed to property devised by him to his children, making the conveyance by direction of T. G. M., who had formerly conveyed it to T. W. M. There was evidence that the latter held it in trust for T. G. M: also evidence that they were owners in common. Held that, on the latter theory, her conveyance passed title to the half interest of T. G. M., and also to her community interest in the half owned by T. W. M., and the children of the latter could recover from the purchasers not more than an undivided one-fourth of the land. (P. 425.)

Error to Court of Civil Appeals, First District, in an appeal from Brazoria County.

*Eugene J. Wilson, Louis J. Wilson* and *E. N. Krause*, for plaintiffs in error.—Under the terms of the will of Thomas W. Masterson, deceased, and the decree of the court probating the same, Annie T. Masterson became the sole and independent executrix thereof without bond and free from the control of any court, and the probate of said will, confirming its provisions and exempting her from control of the Probate Court was final and conclusive till set aside. Sayles' Stats., art. 1942; Pierce v. Wallace, 48 Texas, 399; Redfield on Law of Wills, vol. 3, sec. 5, p. 71, (3rd ed.) on effect of probate and letters of administration. If in any event the case is one in which the judgment of the District Court could be held erroneous upon a finding of fact, it was the duty of the Court of Civil Appeals to reverse and remand the case, and said court is not permitted to deprive petitioners of the right to supplement the facts in the trial court.

It is competent and permissible for a witness to testify as to admissions by and conversations with deceased parties in actions either in law or in equity, by or against the executor, administrator or guardian, or the heirs or legal representatives of deceased, in which judgment may be rendered for or against them as such, unless said witness is a party to such action: and the words "party" and "parties," when used in connection with suits or actions, are technical words, the meaning of which is as certainly fixed as any words in the language: such words mean he or they, by or against whom a suit is brought either at law or in equity. They must be parties in the writ and parties on the record, and all others who may be affected by the writ indirectly or consequentially are persons interested, but not parties. Art. 2248, Sayles' Texas Civ. Stats.; Winston v. Masterson, 87 Texas, 200.

*Masterson & Masterson* and *Gaines & Masterson*, for defendants in error. — Where a will devises all of the lands of the testator to his children and appoints his widow executrix, and waives her giving bond, but does not contain any power to sell the land and does not withdraw the estate from administration in court, the executrix has no power by sale, without order of sale and confirmation, to divest the title vested by the will in the devisees. Rev. Stats., art. 2059; Anderson v. Stockdale, 62 Texas, 61; Blanton v. Mayes, 58 Texas, 429; Mayes v. Blanton, 67 Texas, 247; Blanton v. Mayes, 72 Texas, 417; Roberts v. Connellee, 71 Texas, 16; McCown v. Terrell, 29 S. W. Rep., 485.

A party cannot testify as to admissions by and conversations with deceased persons, he being adversely interested and having been made a party to the suit. Pasch. Dig., art. 6827; Rev. Stats., art. 2248; Lewis v. Aylott, 45 Texas, 201; McCampbell v. Henderson, 50 Texas, 613; Stringfellow v. Montgomery, 57 Texas, 349; Heard v. Busby, 61 Texas, 14; Parks v. Caudle, 58 Texas, 216; Bennett v. Land and Cattle Co.,

1 Texas Civ. App., 323; Hicks v. Hicks, 26 S. W. Rep., 229; 27 S. W. Rep., 255; 28 S. W. Rep., 461.

*Hogg & Robertson,* also for defendant in error.—The will of Thos. W. Masterson did not, by its terms, withdraw his estate from the control of the Probate Court, but simply directed that no bond be required of the executrix; and the order probating said will could not confer upon the executrix any greater powers than were conferred by said will. Therefore the deed under which plaintiffs in error claim, executed by the executrix without order of sale or confirmation by the court, was and is void. Rev. Stats., art. 1946, (Art. 1893, Sayles); Rev. Stats., art. 1995, (Art. 1942, Sayles); Smithwick v. Kelly, 79 Texas, 572.

Even if it held that Mrs. Annie T. Masterson was the independent executrix of the will of Thos. W. Masterson, deceased, under the terms of said will she had no express power, as such executrix, to convey the land in question, and the title thereto being by said will vested in the children of Thos. W. Masterson deceased, and the estate of Thos. W. Masterson owing no debts, the power to sell the land cannot be implied: therefore the Court of Civil Appeals correctly held that the said deed conveyed nothing more than the community interest of Mrs. Masterson in said land, and did not err in decreeing the other half thereof to said devisees under said will. Blanton v. Mayes, 58 Texas, 429; Anderson v. Stockdale, 62 Texas, 62; Mayes v. Blanton, 67 Texas, 247; Blanton v. Mayes, 72 Texas, 417; Roberts v. Connellee, 71 Texas, 16; McCown v. Terrell, 29 S. W. Rep., 485.

The finding by the Court of Civil Appeals that the tract of land in question was the property of Thos. W. Masterson is conclusive, and this court cannot now hold that said tract of land was the property of Thos. G. Masterson and held for him in trust by Thos. W. Masterson.

This being a suit between Annie T. Masterson as executrix of the will of Thos. W. Masterson, deceased, and the heirs of the said Thos. W. Masterson on one side and the vendees of Wm. Fort Smith on the other side, the testimony of William Fort Smith as to transactions with and statements by Thos. W. Masterson, deceased, and Thos. G. Masterson was not admissible because: (1) The said witness was a warrantor of the title, and even if he had been dismissed from the suit he, as such warrantor, had notice of the pendency of the suit, and would be bound by any judgment recovered therein. Thiele v. Axell, 5 Texas Civ. Apps., 548; Brown v. Hearon, 66 Texas, 64. (2) The said witness having such notice of the suit that he would be bound by the judgment as a warrantor, was, within the meaning of the statute, a real party at interest, and incompetent to testify. Rev. Stats., art. 2302. (Sayles, art., 2248); Simpson v. Brotherton, 62 Texas, 170; Bennett v. Land & Cattle Co., 1 Texas Civ. App., 322. (3) The testimony as to the declaration of Thos. G. Masterson was hearsay. Stringfellow v. Montgomery, 57 Texas, 349. (4) The admission of this character of evidence would be dangerous. It

would place it within the power of the warrantor of a title to cancel his liability on his warranty by agreeing to testify to statements made by the deceased which would destroy the right in his heirs to recover, and thus defeat the purpose of the statute. The testimony of said witness being inadmissible should have been excluded from consideration by the court, and there being no other evidence of the existence of any fact which tends to authorize the conveyance of the tract of land by the said executrix, the court correctly held that defendants in error were entitled to recover one-half thereof.

If it be held that the testimony of said witness was admissible and full credence be given thereto, it simply shows that Thos. W. Masterson before his death verbally agreed to convey the land in consideration of the transfer of said judgment to him, and that he died before the agreement was executed. This agreement could not be held to create such indebtedness as would authorize and empower the executrix, under the terms of said will, to convey said land, and it being incapable of enforcement could afford no ground for a valid conveyance of said land by said executrix and the Court of Civil Appeals correctly so held. Rev. Stats., art. 2151. The testimony of Wm. Fort Smith, if admissible, was insufficient to establish the fact that Thos. W. Masterson held the title to said land in trust for Thos. G. Masterson because: (1) No facts are detailed showing such trust. (2) There being no corroboration of his testimony it was insufficient to establish said trust. (3) The statement if taken as true simply meant that the son was willing that his father use this land in payment of said judgment. Neill v. Keese, 5 Texas, 30; Miller v. Thatcher, 9 Texas, 482; Hall v. Layton, 16 Texas, 276-278; Agricultural Association v. Brewster, 51 Texas, 257; King v. Gilleland, 60 Texas, 274; Grace Admr. v. Hanks, 57 Texas, 15.

BROWN, ASSOCIATE JUSTICE.—Mary G., Thomas G., William and Leigh Masterson, the children of T. W. Masterson, deceased, brought this action against Hennell Stevens, Frank W. Stevens, and Eliza Kempner, as executrix of the last will of H. Kempner, deceased, to recover 640 acres of land situated in Brazoria County. Annie T. Masterson, the surviving wife and executrix of the will of T. W. Masterson, deceased, was made a party to the suit and adopted the pleadings of the plaintiffs. The defendants vouched in J. H. McLeary as their warrantor. The facts of the case as found by the Court of Civil Appeals are in substance as follows: On the twelfth day of August, 1875, Thomas G. Masterson conveyed to his son, T. W. Masterson, an undivided half interest in the following sections of land in Brazoria County, Nos. 1, 5, 7, 9, 11, 13, 17, 19 and 23, patented to Aaron Coffey as assignee of the Houston Tap and Brazoria Railroad Company. The deed recited a consideration of $1000, of which one-half was to be paid January 3, 1876, and one-half to be paid January 3, 1877. No lien was reserved in the deed.

On the second day of July, 1875, in the District Court of Fort Bend County, R. H. Belden, Nat Mitchell and J. H. McLeary, as plaintiffs

under the style of "R. H. Belden et al.," recovered a judgment against Wagley, Lockhart & Co. for $780.85. T. G. Masterson was a member of the firm of Wagley, Lockhart & Co.

W. Fort Smith was attorney for the plaintiffs in the judgment before stated, and was to receive for his services one-fourth of what he collected from the defendants. Smith called upon T. G. Masterson to pay the debt, who agreed to convey to the plaintiffs in the judgment two sections of land in full settlement of it, but the title not being in T. G. Masterson, Smith saw T. G. Masterson and T. W. Masterson together and each of them stated that the land belonged to T. G. Masterson, and T. W. Masterson then agreed to convey to the plaintiffs in that judgment two sections of the land which had been conveyed to him by his father, the judgment against Wagley, Lockhart & Co. to be transferred to T. W. Masterson. Smith agreed to this and wrote to McLeary to know if it would be satisfactory and if so to send him a transfer of the judgment to T. W. Masterson. The plaintiffs in that judgment executed a transfer of it according to agreement to T. W. Masterson, and sent it to their attorney, Smith, at Brazoria, but before it arrived T. W. Masterson was taken seriously ill and died before the transfer was delivered.

Before his death T. W. Masterson made a will in which he devised his property equally among his children Mary, Thomas, William and Leigh, reserving the homestead plantation for his sons. The will contained the following clause: "Having full faith and confidence in my beloved wife Annie T. Masterson I do hereby constitute her my sole executrix, and it is my wish that she be not required to give bond or security but merely to return inventory of my estate." The will gave no special power to convey land. It was duly probated in the County Court of Brazoria County and the court by its order established and construed the will as providing for the withdrawal of the administration of the estate from that court and granted letters testamentary to Annie Masterson as independent executrix. She qualified as such according to law and returned an inventory of the property belonging to the estate.

After the death of T. W. Masterson the lands described in the deed from T. G. to T. W. Masterson were partitioned by the other joint owners and Annie T. Masterson as executrix and she received from them a conveyance for one-half of said lands, including the section in controversy. At the request of T. G. Masterson, Annie T. Masterson made and delivered to McLeary, Belden, Mitchell and Smith the following deed:

"The State of Texas,
"County of Brazoria.

"Know all men by these presents, that I, Annie T. Masterson, executrix of the last will and testament of Thos. W. Masterson, deceased, late of Brazoria, in consideration of the transfer to my deceased husband of certain judgment in the District Court of Fort Bend County, Texas, in the case of R. H. Belden et al. v. Wagley, Lockhart & Co., numbered in the docket of said court '2435,' which said judgment was rendered on the 2nd

day of July, 1875, against the defendants for the sum of $780.85 and all costs, and which transfer was made by the plaintiffs to my deceased husband said Thos. W. Masterson, on the 23rd day of August, 1877, have granted, bargained, sold and released, and by these presents doth grant, bargain, sell and release unto J. H. McLeary, R. H. Belden and Nat Mitchell, of Bexar County, and William Forth Smith, of Brazoria County (here follows description of two tracts, one of which is the section No. 5 in controversy). Said lands were purchased by my husband on the —— day of ——, 18—, and were allotted to me by deed of partition, recorded in book "Q" of the records of Brazoria County, together with all and singular the right, members, hereditaments and appurtenances to the same belonging or in any wise incident or appertaining. To have and to hold all and singular the premises above mentioned unto the said J. H. McLeary, R. H. Belden, Nat Mitchell and William Fort Smith, their heirs and assigns forever, and I do hereby bind myself, my heirs, executors and administrators to warrant and to ever defend all and singular the said premises unto the said grantees, their heirs and assigns against every whomsoever lawfully claiming or to claim the same or any part thereof.

The words "to Houston Tap and B. R. R." interlined before signature.

Witness my hand and seal at Brazoria, Texas, this 21st day of March, A. D., 1878.              Annie T. Masterson, Executrix. (Seal.)

Signed, sealed and delivered in the presence of:
Thos. G. Masterson,<br>Nettie L. Smith."

The deed was proved for record by T. G. Masterson as a subscribing witness. Belden, Mitchell and Smith conveyed the lands described in the deed to J. H. McLeary by warranty deed and all of the defendants claimed under McLeary.

J. H. McLeary filed an answer in the suit making Belden, Mitchell and W. Fort Smith defendants, pleading over against them as his warrantors, but they were never served with process, McLeary having directed the clerk not to issue citation for them and subsequently dismissed them all from the case. Upon the trial, when the defendants offered Smith's deposition in evidence, the plaintiffs objected, because it appeared that he was interested as a warrantor and that he was properly a party to the suit; which objection the court overruled.

Mrs. Annie T. Masterson testified by deposition that she made the deed as executrix at the request of T. G. Masterson, because she knew that he and her husband, T. W. Masterson, owned the land jointly, but she did not know what particular tract her husband was interested in.

The parties waived a jury and tried the case before the court which gave judgment in favor of the defendants. The Court of Civil Appeals found that the evidence was not sufficient to establish the alleged trust, but held that, as the land was the community property of T. W. Masterson and A. T. Masterson, her deed passed her interest in the land, and

reversed the judgment of the District Court and rendered judgment for plaintiffs for half of the land.

The defendants in error claim that the witness, W. Fort Smith, was properly a party to this suit and for that reason disqualified by article 2302, Revised Statutes, to testify in this case; that the District Court erred in admitting the testimony over the objection of plaintiffs in that case, and that the Court of Civil Appeals could properly disregard his evidence in arriving at a conclusion from the facts of the case.

McLeary in vacation filed with the clerk of the District Court written instructions to not issue citation for Smith and withdrew his application to have him made a party to the suit. During the trial of the case, McLeary asked that the witness Smith be dismissed from the record as a party. Smith had never in fact been a party to the proceeding because he had never been served with process nor did he voluntarily appear in this case. But it is claimed that he had notice of the pendency of the suit and being a warrantor would be bound by the judgment although not made a party by the pleadings, and therefore was disqualified to testify to the statements of T. W. Masterson, deceased, father of plaintiffs. A warrantor, although not made a party to the proceedings, may be notified by his warrantee of the pendency of a suit against him and called upon to defend that suit, and if the notice be timely and definite and the warrantor fails to make the defense, a judgment will be conclusive upon him to show that his warrantee has been evicted by a paramount title. 2 Black on Judgments, sec. 567; Am. and Eng. Encycl. Law, 1012.

No notice was given by McLeary to Smith to defend the title involved in this suit. On the contrary, McLeary, after taking steps indicating an intention to call upon his warrantor to defend the title, retracted and discharged him from the case. Under such circumstances the judgment rendered would not bind Smith in a subsequent action between McLeary and Smith.

If it were held that mere knowledge on part of the warrantor that a suit was pending would make him party to that suit and bind him by the judgment and thus disqualify him as a witness, then no warrantor could testify in a case in which parties are disqualified, because in the very act of taking his evidence, whether by deposition or orally, he would receive information that the suit was pending and would thereby be disqualified under such rule.

There was no error in admitting the evidence of Smith.

The Court of Civil Appeals concluded that the evidence was "of altogether too unsatisfactory a nature to establish the trust claimed in favor of T. G. Masterson;" for which reason, that court reversed the judgment of the District Court. We have no jurisdiction to revise the action of the court in its finding upon the facts, nor its judgment reversing the judgment of the District Court. But plaintiffs in error claim that the Court of Civil Appeals had no jurisdiction to render judgment in favor of the defendants in error upon the evidence in this case. We considered and decided this question in Houston and Texas Central Ry. Co. v. Stry-

charski, ante—(37 S. W. Rep., 415.) In that case the court said: "The authority of the Courts of Civil Appeals to render final judgment in causes wherein they have reversed the judgments of the trial courts is found in the following article of the Revised Statutes of 1895: 'Art. 1027. When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained, or the damage to be assessed, or the matter to be decreed is uncertain. In either of which cases the cause shall be remanded for a new trial in the court below.' Whenever there is any material fact necessary to support the case of the party in whose favor the court proposes to render judgment, which is disputed in the evidence, or which is not established by agreement or by undisputed evidence conclusive in its nature, then, within the meaning of the law, it is necessary that a matter of fact shall be ascertained, and the case belongs to the class which the statute commands the court to remand upon reversal of the judgment of the lower court."

For a further discussion of the question we refer to the case above cited, deeming it unnecessary to repeat the reasons there assigned and the authorities cited.

Is the evidence in this case such as would authorize a district judge to instruct the jury to find for the plaintiff in the case? If it is, then the Court of Civil Appeals might render judgment instead of remanding the cause. Although the proof may not be sufficient to satisfy the minds of the Court of Civil Appeals, it is nevertheless not such that it can be said that there is no evidence upon which to submit to the jury the issue of the existence of a trust between T. G. Masterson and his son, and if there be evidence from which a jury might find the existence of such trust the issue must be submitted by the trial court, notwithstanding the judge would set aside the verdict if rendered for the defendants. The evidence of Smith clearly and unmistakably showed that a trust existed and that the title which was in T. W. Masterson was by him held for the benefit of T. G. Masterson. If credited by a jury, this evidence would justify them in finding a verdict in accordance therewith and it therefore would demand of the trial court, if a jury were impanelled, to submit the issue to them. The fact that this evidence was contradicted by that of Mrs. Masterson, if it be so, would not justify the District Court in withdrawing the issue from the jury. If it be conceded that the evidence, other than that of Mrs. Masterson, does not corroborate Smith sufficiently to authorize a jury to find the existence of the alleged trust, still we think that the evidence of Smith and Mrs. Masterson is not irreconcilable in view of all the circumstances. The undisputed evidence in the record shows that when T. G. Masterson conveyed to T. W. Masterson an undivided half interest in nine sections of land, the former was the owner of such undivided half interest in conjunction with other persons, which land included that in controversy. If T. G. Masterson and his son owned this land jointly, as

testified to by Mrs. Masterson, then it would follow that T. G. Master-son did in fact own as much as two of the nine sections of land embraced in the conveyance, which would corroborate and support the statement of T. W. Masterson testified to by W. Fort Smith. If this be a correct view to take of the testimony of the two witnesses, then, taken together, it would establish the fact that T. W. Masterson held in his own name for the use of T. G. Masterson two sections of the land.

If Smith's testimony be disregarded, the judgment of the Court of Civil Appeals cannot be sustained, upon the undisputed evidence of Mrs. Masterson. It would be presumed that the joint ownership, proved by her evidence, was equal in quantity, and that being the case, upon the testimony of Mrs. Masterson alone the judgment should have been for the plaintiffs for not exceeding one-fourth of the land. If T. G. Masterson owned one-half the land, that half passed by the deed made by Mrs. Masterson at his request; and if T. W. Masterson's estate owned the other half of the land, that was community property and Mrs. Masterson's half of that, that is, one-fourth of the whole, likewise passed by the deed, which would make three-fourths of the land conveyed by the deed. So, in any view of the case, the judgment of the Court of Civil Appeals was not correct.

The Court of Civil Appeals is not authorized to render judgment in a case in which it has reversed the judgment of the District Court, unless as a matter of law upon the evidence contained in the record the one party or the other is entitled to judgment. We do not think that the facts in this case are such as to justify the Court of Civil Appeals in entering judgment, but that it should have remanded the case to the District Court for further trial.

Because we believe that the Court of Civil Appeals improperly entered judgment upon the facts of this case, that judgment, in so far as it reverses the case, is undisturbed; but to the extent that judgment was entered for the plaintiffs, is reversed and the cause is remanded to the District Court.

*Reversed and remanded.*

*Masterson & Masterson* filed a motion for rehearing on behalf of defendant in error in support of which they urged:

The Supreme Court had no jurisdiction or power to review the decision of the Court of Civil Appeals upon the facts. Warren v. City of Denison, 36 S. W. Rep., 404.

The testimony of Smith, the warrantor, was not admissible. Bennett v. Virginia Ld. & Cattle Co., 1 Texas Civ. App., 323.

It is respectfully submitted that the court should grant the rehearing and dismiss the case for want of jurisdiction. If it has jurisdiction, we submit that the judgment of the Court of Civil Appeals should be affirmed. If this contention is not sustained, and the court reverses and remands the case, we respectfully ask that the opinion be limited to the question whether the Court of Appeals should have remanded the

case, without expressing opinion as to the weight of evidence that, in its nature, would deprive the plaintiff, on another trial, of a fair trial, upon the merits. Counsel for plaintiff in error also filed a motion for rehearing on the ground that the court should have rendered judgment in their favor.

In overruling the motion the court delivered the following opinion:

### ON MOTION FOR REHEARING.

BROWN, ASSOCIATE JUSTICE.—Both parties have filed motions for rehearing, which are hereby overruled.

Counsel for defendant in error misunderstand the opinion heretofore rendered in this case in the following particulars: (1) It is insisted that this court reviewed the decision of the Court of Civil Appeals on a question of fact; and (2) that we have expressed an opinion as to the weight which should be given to the evidence in this case. We expressly stated in the opinion that we could not review the judgment of the Court of Civil Appeals on the question of fact and for that reason we now overrule the motion of the plaintiffs in error for a rehearing in this case. This court reversed the judgment of the Court of Civil Appeals in so far as it rendered judgment for the defendants in error, but did not disturb the judgment of that court by which the judgment of the District Court was reversed, because that rested upon the question of fact. The ground upon which we reversed the judgment of the Court of Civil Appeals is, the Court of Civil Appeals had no authority to enter judgment against the plaintiffs in error because the evidence was not of that conclusive nature which would have justified the District Court in directing a verdict for the defendants in error. In discussing the evidence in order to determine that question we mention the fact that the testimony of Smith in the terms stated was sufficient, if credited by the jury, to establish a trust, but it is nowhere stated, nor do we believe that it can be so understood from the language of the opinion, that the weight to be given by the jury to the evidence is in any manner touched upon in our opinion. That is a question for the jury alone, upon which we express no opinion.

*Motions overruled.*