### COMBS et al. v. STRINGER et al. †

(Court of Civil Appeals of Texas. Austin. June 28, 1911. Rehearing Denied Nov. 15, 1911.)

1. ADVERSE POSSESSION (§ 50*)—CONTINUITY OF POSSESSION—ATTORNMENT BY TENANT TO THIRD PERSON.

A tenant could not defeat the right of his landlord holding adversely, by an attempted attornment to another.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 255–261; Dec. Dig. § 50.*]

2. ADVERSE POSSESSION (§ 25*)—POSSESSION OF TENANT.

One claiming land under the 10-year statute of limitations can predicate his right thereto on the possession of one holding as his tenant, and need not rest it solely on his own actual occupancy.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 116–120; Dec. Dig. § 25.*]

3. STIPULATIONS (§ 14*)—STIPULATION AS TO TITLE—CONSTRUCTION.

Where plaintiff claimed some 2,200 acres of land, and defendant claimed 160 acres of such tract by limitations, and a stipulation stated that plaintiff held the record title to the tract, but did not state when such title was acquired, the agreement will be construed as conceding such title only at the time of suit, 1906, and not as creating the inference that plaintiff held such title in 1899 when he went into possession of a portion thereof so as to predicate thereon a constructive possession of the entire tract at that time.

[Ed. Note.—For other cases, see Stipulations, Dec. Dig. § 14.*]

Appeal from District Court, Montgomery County; L. B. Hightower, Judge.

Trespass to try title by S. M. Combs and another against J. Z. Stringer and others. From a judgment in favor of defendant J. Z. Stringer, plaintiffs appeal. Affirmed.

Sam Streetman, for appellants. C. W. Nugent and W. N. Foster, for appellee.

RICE, J. Appellants' statement of the· case being concurred in by appellees, will be adopted, and is as follows: Appellants S. M. and F. A. Combs, on September 8, 1906, brought suit in the federal court at Houston against J. Z. Stringer, George Pruett, J. E. Allison, O. W. Hooper, C. W. Nugent, and W. N. Foster in the form of trespass to try title for the recovery of two tracts of land, the first containing 2,289¾ acres, and the second 587½ acres, out of the T. J. Williams survey in Montgomery county, Tex. Some of the defendants filed pleas to the jurisdiction of the federal court, and thereupon an agree-

ment was made by which plaintiffs refiled said suit in the district court of Montgomery county against said defendants, it being stipulated that the rights of the parties should be determined as if this suit had been originally filed in said Montgomery county district court on September 8, 1906. The plaintiffs accordingly filed their suit in the district court of Montgomery county November 25, 1906. The defendants J. Z. Stringer and George Pruett filed separate answers, each ·disclaiming all of the land sued for, except a tract of 160 acres set out by metes and bounds and claimed by each, and, as to these respective tracts, severally pleaded the statute of 10 years' limitation. The other defendants claimed subject to the rights of said Stringer and Pruett, their interests therein being in fact contingent, and convey·ed to them as attorney's fees. The case was tried without a jury July 11, 1910, and judgment was rendered for plaintiffs for all of the lands sued for, except the tract of 160 acres claimed by the defendant J. Z. String·er. Stringer recovered judgment for this tract against the plaintiffs, and to this part of the judgment the plaintiffs excepted, and have prosecuted this appeal.

It was agreed that the plaintiffs in the case have the record title to the land in controversy, subject to be defeated only by the ·claim of limitation as pleaded by the defendants, and that unless they have title by limitation, plaintiffs are entitled to recover the land sued for. So that the sole question for consideration is whether appellee Stringer has shown title to the 160 acres by limitation under the 10-year statute. He bought from J. C. McShan, who claimed to have purchased it from one Bass in 1892, who was shown to have settled on the tract prior to that time. After J. C. McShan purchased from Bass he placed his brother Tom McShan in possession, and, from 1892 on, his brother, or the widow of his brother, held the land until 1900, when he (J. C. McShan) sold to appellee.

It is claimed by appellants, first, that Tom McShan went into possession by executory contract of purchase, paying part of the purchase money, and making such improvements thereon as entitled him to specific performance, during which time he acknowledged the title in plaintiffs, and thereafter attorned to them, hence, that this interrupted the statute as to them; or, in other words, that Tom McShan was not, in legal contemplation, the tenant of J. C. McShan, and therefore limitation in J. C. McShan could not be predicated upon his brother Tom's possession, because, if he was the owner of the title purchased from J. C. McShan, then he had the right to attorn to the true owner, and thus prevent or defeat title by limitation from maturing in favor of J. C. McShan, for which reason it is asserted that J. C. McShan, at the time of his conveyance to Stringer, did not have title to the land, and therefore could not confer any upon Stringer by said conveyance. Again, if this position is not upheld, then it is contended on the part of appellants that under the 10-year statute it was never contemplated that any one, except the actual occupant, could claim its benefits so as to acquire title to such 160 acres, but that the intent of the law was to give to him alone who actually settled upon and occupied the land the right to acquire title to the same under it, and that the person claiming title could not predicate his right to prescribe under the 10-year statute upon the possession and occupancy of his tenant.

If either of these contentions should be sustained, then the judgment of the trial court should be reversed and rendered for appellants. The evidence is too meager to support the first contention, and the great preponderance of the evidence is to the effect that Tom McShan occupied the land as the tenant of his brother J. C. McShan from whom appellee acquired title in 1900. This being true, the law is well settled that the tenant could not, by an attempted attornment to another, defeat the title of his landlord. See Cobb v. Robertson, 99 Tex. 138, 86 S. W. 748, 122 Am. St. Rep. 609; Hurley v. Lockett, 72 Tex. 266, 12 S. W. 212; Warren v. Frederichs, 76 Tex. 647, 13 S. W. 643; Dawson v. Ward, 71 Tex. 72, 9 S. W. 106. For which reason the first assignment assailing the judgment of the court on the ground that the evidence was insufficient to sustain it is overruled.

As to appellants' contention to the effect that the benefit of this statute could not be claimed by one who held 160 acres based upon the occupancy of a tenant, but that its liberal provisions were intended solely for the benefit of a claimant who lived upon the land and predicated his right to recover by reason thereof, we think it only necessary to say that they have cited us to no case in support thereof. The statute itself in this respect is not different from the three or five years' statute of limitation, and we see no reason why a party claiming under it could not predicate his right thereto based upon the possession of his tenant, as well as upon his own personal possession; for which reason we are not inclined to adopt this contention, but hold that appellee in this case was entitled to rely upon possession of his tenant to support his plea of 10 years' limitation.

By the second assignment it is insisted that the court erred in rendering judgment for appellee, because it is asserted that plaintiffs in 1899 acquired title to the 2,289¾ acres of land, and went into possession of a portion thereof, at which time it appears that appellee was only in actual possession of some 12 or 15 acres of the 160 acres claimed by him, and that therefore appellants' constructive possession extended to their entire tract of

2,289¾ acres of which the 160 acres formed a part; for which reason they assert appellee was not entitled to recover except that part thereof which he had actually inclosed, to wit, some 12 or 15 acres—citing, in support of this contention, Evitts v. Roth, 61 Tex. 81; Whitehead v. Foley, 28 Tex. 289; Hunnicutt v. Peyton, 102 U. S. 333, 26 L. Ed. 113. This contention would be true if it were conceded that appellants had title to the 2,289¾ acres at the time they took possession of such portion thereof in 1899, but the record fails to disclose that appellants had title to said land at said time, unless it can be said that the agreement above mentioned gave them such title; but by it appellees insist that they only admitted that the plaintiffs in the case had record title to the land in controversy at the time that suit was filed. This agreement does not state when they acquired such record title; and, in the absence of such statement, we are inclined to believe that it should be construed to mean that it was only intended to be admitted thereby that plaintiff, at the time that the case was tried, had the record title to the land in controversy. And as the suit was not brought until 1906, appellee's title to the 160 acres was complete by limitation at the time the agreement was made; for which reason this assignment is overruled.

The remaining assignments have been considered, and are regarded as without merit.

Finding no error in the record, the judgment of the trial court is in all things affirmed.

Affirmed.