## FERGUSON v. COLEMAN. (No. 2057.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 16, 1919. On Motion for Rehearing, Jan. 23, 1919.)

**1. WITNESSES ⊙⇒129 — TRANSACTION WITH DECEDENT—"LEGAL REPRESENTATIVE."**

Rev. St. 1911, art. 3690, providing in actions by or against executors, etc., neither party shall testify against the other as to any transaction with the decedent, unless called by the opposite party, including all actions by or against heirs or "legal representatives" of decedent, arising out of transaction with him, does not include or apply to purchaser from decedent, suing purchaser from decedent's heirs in trespass to try title.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Legal Representative.]

**2. WITNESSES ⊙⇒139(2)—TRANSACTIONS WITH DECEDENT—"PARTIES"—HEIRS.**

In trespass to try title by purchaser from decedent against purchaser from decedent's heirs, heirs, who have not been called upon to defend title, and are not apparently in a situation to be concluded by any judgment rendered, are not "parties," within meaning of Rev. St. 1911, art. 3690, prohibiting either party from testifying as to transactions with decedent, etc., though term should not in every case be limited to those named in pleadings.

[Ed. Note.—For other definitions, see Words and Phrases, Second Series, Parties.]

**3. EVIDENCE ⊙⇒271(17)—DECLARATION OF DECEDENT—INTEREST.**

In trespass to try title by purchaser from decedent against purchaser from decedent's heirs, testimony of decedent's daughter, to prove by his declarations that deed he had made to plaintiff was only a mortgage, being in decedent's interest, was inadmissible.

**4. APPEAL AND ERROR ⊙⇒231(3)—REVIEW— OBJECTIONS TO TESTIMONY.**

In reviewing rulings of trial courts in excluding and admitting testimony usually only those objections urged will be considered.

**5. APPEAL AND ERROR ⊙⇒856(2)—REVIEW— EXCLUSION OF EVIDENCE — GROUNDS NOT CONSIDERED.**

Judgment will not be reversed for error in excluding testimony on objection to which it was not subject, where it was inadmissible on other grounds not raised.

**6. APPEAL AND ERROR ⊙⇒1056(3)—HARMLESS ERROR—EVIDENCE.**

In trespass to try title, any error in excluding certain testimony as hearsay *held* immaterial; probative value of testimony being small.

7. EVIDENCE ⊜⟶317(2)—HEARSAY.

In trespass to try title by purchaser from decedent against purchaser from decedent's heirs, declarations of decedent's widow as to what plaintiff said to her, when repeated by decedent's daughter as a witness to prove admissions by plaintiff, were properly excluded as hearsay.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Trespass to try title by D. E. Coleman against O. R. Ferguson. From judgment for plaintiff, defendant appeals. Affirmed.

T. W. Davidson, of Marshall, for appellant.

John W. Scott and Brown & Hall, all of Marshall, for appellee.

HODGES, J. This suit originated in a controversy concerning a tract of 40 acres of land formerly owned by J. F. Goss, and which is situated in Harrison county, Tex. In February, 1900, Goss and his wife executed a deed, absolute in form, conveying the land to the appellee, Coleman. The deed recited a cash consideration of $200 paid by Coleman. Goss at the time owned 80 acres, all of which was occupied and used by him as the family homestead. The tract was divided into two parts, nearly equal, by a road running east and west. The family residence was located on the 40 acres on the south side. That lying north of the road is the land conveyed to Coleman. It appears from the evidence that Goss continued to cultivate the land until a short time before his death, which occurred about seven years after the execution of the deed. His wife, who survived him but a few years, left two children, one a minor, and the other a married woman. Some time after the death of Mrs. Goss the appellant, Ferguson, acquired the interests of these two children. The deed under which he holds describes the 80-acre tract, to all of which he now asserts title. To recover the land, Coleman filed this suit in the form of an action of trespass to try title. Ferguson answered, claiming that Coleman's deed from Goss was intended as a mortgage, and, being upon a homestead, was void. He also pleaded title by limitation. In response to special issues submitted, the jury found that the deed from Goss to Coleman was not intended as a mortgage, and also found against the appellant on his plea of limitation.

On the trial below Coleman testified that he bought the land from Goss and paid him $200 in cash. Over the objection of the appellant he was permitted to testify, in substance, as follows: That after purchasing the place he controlled the 40 acres lying north of the road, and Goss controlled that on the south side; that the next year after the purchase he rented the land to a negro tenant, and from whom he collected the sum of $40 as rent. After that time he rented it to Goss, who paid him $40 a year. In December or January following Goss wanted to buy the 40 acres back. From the time of the purchase until his death Goss never had made any claim to the ownership of that land that witness knew of. After the death of Goss witness talked with Mrs. Goss about the land, and at the time he was claiming the ownership, and Mrs. Goss never asserted to him any claim to the contrary. Goss paid the taxes on the land, and the amount he paid was deducted from the rent. This testimony was objected to upon the ground that it related to a "transaction and conversation and a series of transactions between the deceased, J. F. Goss, and the plaintiff, D. E. Coleman, the said J. F. Goss being dead, and his heirs having sold the land to the defendant O. R. Ferguson." This objection is, of course, predicated upon the provisions of article 3690 of the Revised Civil Statutes, which prohibits either party from testifying as to any transaction with the decedent in action by or against executors, administrators, or guardians, in which judgment may be rendered for or against them as such.

[1] The contention is made that this is an action in which the heirs and legal representatives of the deceased are virtually, if not actually, parties. The litigation is between Coleman, a purchaser from Goss, and Ferguson, a purchaser from the heirs of Goss. Counsel for the appellant insists that the words "legal representatives," as used in article 3690, should be construed to include a purchaser from a decedent. In Newton v. Newton, 77 Tex. 508, 14 S. W. 157, the Supreme Court held that the term "legal representatives" did not include devisees and legatees. If these parties claiming succession in title through the medium of a will are excluded, the same rule would also exclude a purchaser claiming succession through the medium of a deed. It was also held, in the case referred to, that those statutory disqualifications would not be extended by implication to include a class of persons not named, although the reasons for embracing them were equally as strong as those for including the persons expressly designated.

[2] It is further contended by appellant that the land having been conveyed to Ferguson by the heirs of Goss, presumably by deeds with warranties, those heirs were virtually parties to this suit. It is true that the term "parties," as used in this article of the statute, should not in every case be limited to those named as such in the pleadings, but may include all who would be affected by the judgment rendered in the particular case.

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Perdue v. Perdue, 208 S. W. 353, recently decided by this court. It is equally correct to say that the statute does not include those who would not be affected by the judgment. Assuming that one or both of the Goss heirs may be held liable to Ferguson upon a failure of the title conveyed, it does not appear from this record that they have been called upon to defend the title, or that they are in a situation to be concluded by any judgment rendered in this proceeding. Hence they are not parties within the meaning of the statute. Stevens et al. v. Masterson's Heirs, 90 Tex. 417, 39 S. W. 292, 921. The court committed no error in admitting the testimony of Coleman.

[3-5] Mrs. Sullivan, a daughter of Goss, was called as a witness by the appellant, and was asked the following question:

"Did you ever hear your father refer to the fact that he owed Mr. Coleman some money, and Mr. Coleman had a lien on his place—something like that?"

An objection was made and sustained to the answer, upon the ground that the witness was virtually a party to the suit and should not be permitted to testify concerning declarations made by her deceased father. The bill of exception shows that the witness, if permitted, would have answered:

"That the Coleman claim against said land, according to the view of her father, was not a deed, but was a mortgage to secure a debt, and that he always referred to it in this manner."

The evident purpose of this testimony was to prove by the declarations of Goss that the deed he had made to Coleman was only a mortgage. Such statements would have been in the interest of the deceased, tending to show that, notwithstanding his deed was absolute in form, it was less than what it purported to be, and that he still owned the title to the land. Such declarations of deceased parties are not admissible for that purpose. Mooring v. McBride, 62 Tex. 311; Warren v. Frederichs, 76 Tex. 651; 13 S. W. 643; Gilbert v. Odum, 69 Tex. 670, 7 S. W. 511. While the testimony was inadmissible upon the grounds mentioned, it was not subject to the particular objection set out in the bill of exception. However, we do not regard that fact as a sufficient reason for reversing this judgment. It is true that, in reviewing the rulings of trial courts in excluding and admitting testimony, only those objections urged will usually be considered. But it would be an unjustifiable devotion to a mere rule to remand this case in order that the appellant may offer testimony clearly subject to other objections.

[6, 7] Before objection was made, Mrs. Sullivan testified as follows:

"Yes; me and my husband sold our interest in the land to Dr. Ferguson; and my minor sister, Lizzie Belle Goss, sold her interest by order of the court. Yes, sir; I think my mother, after my father's death, met Mr. Coleman here in town and had a conversation with him about this matter, and he gave her some assurances; I don't hardly know what they were. She told me several times. I have forgotten most of them; only she said he didn't think it would bother her."

This testimony was then objected to upon the ground that it was hearsay. The record shows that the court sustained the objection; but it does not show that it was excluded from the jury. But, assuming that it was excluded, the probative value of what the witness stated was too small to make the error, if any, a material one. Mrs. Goss' declarations as to what Coleman said to her, when repeated by the witness, for the purpose of proving admissions by Coleman, would be hearsay, and were properly excluded.

There are other assignments in the record, which complain of the insufficiency of the evidence and of the misconduct of the jury. The evidence, we think, is ample to sustain the findings of the jury. As to the misconduct of the jury, that matter was inquired into by the trial judge. He heard the testimony, and his ruling carries with it the conclusion that nothing prejudicial to the interests of the appellant occurred during the deliberations of the jury.

The judgment is affirmed.

### On Motion for Rehearing.

In his motion for a rehearing appellant insists that the testimony of Mrs. Sullivan as to how her father regarded the deed from him to Coleman was admissible for the purpose of showing that her father claimed the land adversely. Conceding that proposition to be correct, we are still of the opinion that the testimony, if admitted, would not have caused the jury to render a different verdict upon that issue. Mrs. Sullivan's statements, if admitted, would have been merely cumulative of what a number of other witnesses of apparent equal credibility had detailed more specifically. Snow v. Starr, 75 Tex. 411, 12 S. W. 674; Payne v. Benham, 16 Tex. 364; Galveston, etc., R. R. Co. v. Matula, 79 Tex. 577, 15 S. W. 573.

The motion for a rehearing is overruled.