EMILY C. BENNETT ET AL. V. THE VIRGINIA RANCH, LAND, AND
CATTLE COMPANY ET AL.

No. 28.

**1. Evidence—Party to Suit—Transaction with Decedent.**—Plaintiffs sued for land in their right as heirs, making M. and others parties defendant. His codefendants also impleaded M. on his warranties to them. M. filed a disclaimer in the suit, but this did not render him competent to testify for the other defendants as to transactions by him with deceased ancestors of plaintiffs constituting a defense to the action.

**2. Same — Warrantor not Competent Witness, when.** — Where a warrantor has been made a party to the suit in such way as to render the judgment binding upon him in favor of his vendees, he is a party thereto within the meaning of our statute which prohibits parties from testifying against the heirs or legal representatives of decedents.

**3. Married Woman — Verbal Contract for Location of Land Certificate.**—A married woman can make contracts to acquire land by the location of a land certificate which is her separate property, without acknowledging the same in the manner required for the conveyance of her real estate.

**4. Cotenants — Recovery Limited, when.**—While one tenant in common can recover from a stranger the whole property, he can recover from his cotenant in possession only the interest he really owns; and the rule, it seems, applies even as to the interest of another cotenant defendant who had disclaimed.

**5. Deed by Agent in his own Name.**—Where a deed purports to convey in the name of the one who makes it, and does not recite any agency, it may nevertheless be held to pass whatever right the person making it had to convey, whether as agent or principal.

**6. Cotenant — Rents.** — Before one tenant can make his cotenant liable to him for the use of the common property, he must show that he has been refused joint occupancy.

ERROR from Callahan.     Tried below before Hon. T. H. CONNER.

*James B. Goff,* for plaintiffs in error.—1. Isaac McConnell, even after his disclaimer filed, was not competent to testify as to transactions with the deceased ancestors of plaintiffs, Henry Warren not having withdrawn his plea against said witness McConnell on his warranty.     Rev. Stats., art. 2248; Parks v. Caudle. 58 Texas, 216.

2. The separate property of a married woman, whether real or personal, could at the dates in question have been conveyed only by an instrument in which her husband joined, and acknowledged by her with privy examination.     Pasch. Dig., art. 1003; Wilkinson v. Rowland, 1 Ct. App. C. C., sec. 11; Tucker v. Carr, 39 Texas, 98.

No briefs for defendants in error have reached the Reporter.

HEAD, ASSOCIATE JUSTICE.—The land in controversy was patented to the heirs of Anthony Bates, and appellants brought this suit as plaintiffs

in the court below, claiming as the heirs of said Bates, in trespass to try title against appellees, the Virginia Ranch, Land, and Cattle Company, Isaac McConnell, and R. C. McConnell, as defendants.

One W. C. Powell appeared and made himself a party defendant as warrantor of the said cattle company, and pleaded over against the defendant Isaac McConnell and one Henry Warren as his warrantors.

Warren answered, and pleaded over against the said McConnell as his warrantor.

The defendants claimed under several deeds and written instruments, claimed to have been executed by deceased ancestors of plaintiffs, and also under verbal locative contracts claimed to have been made by them; and during the trial the defendant Isaac McConnell was used as a witness to prove the execution of the several instruments above referred to, and also the locative contracts. Plaintiffs objected to this witness testifying, on the ground that he was a party to the suit, and could not testify to transactions with their deceased ancestors, under our statute. To remedy this objection the said McConnell was permitted, after plaintiffs had closed their evidence, to file a disclaimer of all interest in the land in controversy, and the defendant Powell withdrew his pleading seeking to recover over against the said McConnell as his warrantor; but no order was made with reference to the plea of Henry Warren seeking to recover over against said witness.

After these proceedings McConnell was again permitted to testify to substantially the same facts as in his former testimony, and to prove verbal authority from some of the deceased ancestors of plaintiffs to him to locate the certificate by virtue of which the land was patented, and other land certificates, and to give a part of the land to have this done. Appellants objected to this witness testifying to these facts, upon the same grounds urged to his evidence in the first instance. The court, however, overruled these objections, and a number of appellants' assignments of error are directed to calling in question the correctness of this ruling.

We are of the opinion the court erred in admitting this evidence. Notwithstanding the disclaimer filed by this witness, and the dismissal by the defendant Powell of his plea over against him, we think it can hardly be questioned that the judgment rendered upon this trial would be conclusive against said McConnell in any subsequent suits that might be brought by those claiming under him to recover upon his covenant of warranty; and especially would it be so conclusive against him in favor of the defendant Warren, who had never dismissed his pleading against him. Brown v. Hearon, 66 Texas, 64; Kirby v. Estill, 75 Texas, 485.

Treating, then, the witness Isaac McConnell as such a party to this suit as would be bound by the judgment rendered therein, so as to fix this liability upon his covenants of warranty, we think there can be but little doubt that he was such a party to the proceeding as would prohibit him,

under our statute, from testifying to transactions with the deceased ancestors of plaintiffs, who claimed as their heirs.

Mr. Abbott, in his work on Trial Evidence, page 63, in treating of witnesses who are allowed to testify against executors and administrators, under statutes similar to ours, says: "No person can be thus examined in his own behalf or interest, or in behalf of a party succeeding to his title or interest, if he or his predecessor in interest is, at the time of the trial, interested in the event of the action or proceeding, whether directly interested in the cause of action, or whether merely liable to be legally affected by the judgment; as, for instance, where he stands in such a position that the effect of a recovery in the action might be to diminish a fund in which he has an interest, or may aid the party unsuccessful in the action to bring and maintain an action against the witness for indemnity." And again, on page 64: "No person from, through, or under whom such a party or interested person derives his interest or title, by assignment or othewise, can be thus examined in his own behalf or interest, or in behalf of the party succeeding to his title or interest, if the interest or title thus derived is in the particular claim affected by the transaction or communication."

Mr. Wharton, in the first volume of his work on the Law of Evidence, on page 473, in treating of who are parties within the meaning of these statutes, says: "But a real, who is not a nominal, party to the record is excluded by the exception."

In Simpson v. Brotherton, 62 Texas, 170, our Supreme Court, upon full consideration, decided that a wife, by reason of her interest in the community property, was a party to the suit within the meaning of our statute, so as to prohibit her from testifying, although she was not a party to the record; holding that the word "party" in this statute was not to be given a narrow construction, but would be extended to include those really in interest, though not parties by name in proceedings; and this was reaffirmed in Newton v. Newton, 77 Texas, 510.

We do not understand the decision in Markham v. Carothers, 47 Texas, 25, and in Eastham v. Roundtree, 56 Texas, 110, to the effect that a defendant who has filed a disclaimer and is thenceforth treated as not being a party to the cause, is a competent witness, as being in conflict with the views here expressed. We therefore hold that where a warrantor has been made a party to the suit in such a way as to render the judgment binding upon him in favor of his vendees, he is a party thereto within the meaning of our statute which prohibits parties from testifying against the heirs or legal representatives of decedents.

No attempt was made to introduce the several deeds referred to above as ancient instruments. The defendants relied entirely upon proving their execution by the witness McConnell. Ikard v. Thompson, 81 Texas, 291.

Appellants also strenuously insist that the verbal locative contracts, in so far as they were made or authorized by married women, would be void, because not acknowledged in compliance with our statute regulating the conveyance by a married woman of her separate property; but we are of the opinion that this position is not well taken.

This question has recently been very thoroughly considered by our Supreme Court in the case of Ikard v. Thompson, cited above, and the conclusion reached, that a married woman can make contracts to acquire land by the location of a land certificate, which is her separate property, without acknowledging the same in the manner required for the conveyance of her real estate; and as to the correctness of this decision we do not entertain any question. Aycock v. Kimbrough, 71 Texas, 330; Lecomte v. Toudouze, 82 Texas, 213.

The language used in the sixth special finding by the court below is susceptible to the construction that the court was of opinion that one tenant would have implied authority from his cotenant to contract to give a part of the land for the location of the certificate, and subdivision fourth of appellant's eighth assignment calls in question this view of the law. We do not understand that the court below based its decision upon this ground, it having in the same connection found that McConnell had express authority from his cotenants to make such a contract. In Stone v. Ellis, 69 Texas, 325, it is expressly decided that one heir has no such implied authority from the other heirs. Also see Grimes v. Smith, 70 Texas, 217, and Sypert v. McCowen, 28 Texas, 640.

In rendering its judgment the court below allowed the defendant to retain the interest of R. C. McConnell in the land in controversy, he having previously filed a disclaimer as one of the parties to the suit. We think this action of the court was correct. While one tenant in common can recover from a stranger the whole property, he can only recover from his cotenant in possession the interest which he really owns.

If the court upon another trial should find that the Virginia Ranch, Land, and Cattle Company is the owner of an undivided interest with plaintiffs in the land in controversy, then plaintiffs could not dispossess it, and would only be entitled to a decree establishing their respective interests in the land. Boone v. Knox, 80 Texas, 643.

It seems that in making the deed to Henry Warren for his locative interest in the land, Isaac McConnell purported to convey in his own name and not as agent for the heirs of Anthony Bates; and appellants contend that such conveyance would not affect the interest of such heirs, even though McConnell might have been their agent, with authority to make the same. In common law courts there would be much in this objection, but as our courts have the power to look to equitable as well as legal titles, the tendency of our decisions has been to hold that such a conveyance would pass whatever right the person making it had to convey,

whether it be signed as agent or principal. Rogers v. Bracken, 15 Texas, 564; Daughtrey v. Knolle, 44 Texas, 450; Hough v. Hill, 47 Texas, 153.

Appellant's seventeenth assignment calls in question the action of the court in failing to allow him rent for any part of the land. Before one tenant can make his cotenant liable to him for the use of the common property, he must show that he has been refused joint occupancy, and this does not seem to have been attempted in this case. Neil v. Shackelford, 45 Texas, 119; Osborn v. Osborn, 62 Texas, 495; Akin v. Jefferson, 65 Texas, 142.

Appellant's remaining assignments of error are directed to calling in question the sufficiency of the evidence to support certain findings of the court, but as the cause will have to be remanded, we have thought it best to express no opinion thereon. For the error of the court in permitting the witness McConnell to testify, as indicated in the first part of this opinion, let the judgment of the court below be reversed and the cause remanded for a new trial in accordance herewith.

*Reversed and remanded.*

Delivered November 15, 1892.