## MARY RIGDON ET AL. v. TEMPLE WATER WORKS CO.

### No. 1371.

**1. Negligence—Damages—Water Works Company.**

A water works company is liable for damages proximately resulting from its negligence in the erection upon its own land of a defective water tower, the fall of which occasions injury to adjoining owners.

**2. Death by Wrongful Act—Corporation Liable.**

Under the statute authorizing actions for the death of a person by the wrongful act of another (Rev. Stats. Art. 2899) a corporation is liable, and is to be regarded as a person within the meaning of that law.

**3. Pleading—Contributory Negligence.**

An allegation that by the fall of a water tower at 3 o'clock a. m., the house of deceased was crushed and overturned, and a lighted lamp thrown on him, setting fire to his clothes, does not show contributory negligence on the part of deceased in permitting a burning lamp to remain over him.

**4. Damages—Negligence—Proximate Result.**

Where, through defendant's negligence in the construction of its water tower, the tower falls and overturns a lighted lamp, and the explosion of the lamp results in fatal injury, the damages occasioned thereby proximately result from the negligent construction of the tower, and are not too remote for recovery against the defendant.

**5. Pleading—Damages—Special Exception.**

In an action by the surviving wife and children for the death of the husband, allegations in the petition of the ill-health of the wife, the poverty of the family, and their difficulty in obtaining a poor support, should be stricken out on special exception.

ERROR from Bell.  Tried below before Hon. W. A. BLACKBURN.

*Monteith & Furman,* for plaintiffs in error.

*W. S. Banks* and *Harris & Saunders,* for defendant in error.

FISHER, CHIEF JUSTICE.—Mary Rigdon, the wife of O. T. Rigdon, deceased, in her own behalf and that of Ethel and Ora Frank Rigdon, the minor children of herself and deceased husband, sued the appellee in the form and manner as appears from her petition, as follows:

"That the Temple Water Works Company, during the year 1890, and prior to the 25th day of October, 1890, caused to be erected a water tower, in Temple, Texas, for the purpose of storing water therein; said water tower being about twenty feet in diameter and about one hundred and fifty feet in height.  That said water tower was badly planned, the height being too great for the diameter, the same being from this defect liable to fall.  That said water tower was contracted to be constructed of material which was not sufficiently strong, and in a manner of workmanship which would not withstand the weight of its foundation and the pressure on the sides that would be necessary to hold the quantity of water that would be contained therein when full; that said water tower was constructed by careless and unskilled workmen under the supervision of W. E. Thomas and the Temple Water Works Company, which defendants well knew as the same was being constructed; that said water tower was constructed of poor, inferior and insufficient material of rock and cement and mortar in the foundation, and steel and iron and rivets on its sides, which defendants well knew at the time of and as the same was being constructed.

And plaintiffs allege that by reason of the defects aforesaid, at 3 o'clock a. m., of October 25, 1891, said water tower then being filled with water, and containing about 275,000 gallons, fell over and threw

said water out, which rushed in a torrent upon the home of O. T. Rigdon and your petitioners, capsizing and crushing the same and throwing a burning lamp filled with oil upon one O. T. Rigdon, the oil being spilled upon his clothing and set afire from the lighted lamp, by which means said O. T. Rigdon was fatally burned, and from the effects of which he that day died also; and the goods and effects of the said O. T. Rigdon, your petitioner, consisting of clothing, furniture and other personal property of the value of five hundred ($500) dollars, were totally destroyed by crushing and by fire, the effect of water resulting from the insufficient workmanship and material used in the construction of said water tower; and your petitioners further allege that said O. T. Rigdon was the husband of your petitioner, Mary Rigdon, and the father of your petitioners, Ethel Rigdon, and Ora Frank Rigdon; that all of your petitioners depended upon said O. T. Rigdon for their support and maintenance, and the said children for an education; that said O. T. Rigdon at the time when said fatal injury occurred was a man in the prime of manhood, a skilled man, and earned at the time of his death and for a long time preceding at the rate of one hundred and ten ($110) dollars per month; that your petitioner, Mary Rigdon is a woman not strong physically and poorly able to earn her living and that of her children; that Ethel Rigdon and Ora Frank Rigdon are infants of tender years, Ethel Rigdon being but three years old at the time of her father's death and Ora Frank Rigdon was born shortly after her father's death; that by the death of said O. T. Rigdon, plaintiffs have been left in poverty. Mary Rigdon has been with great difficulty able to obtain a poor support for herself and her said children. That by the said violent death of said O. T. Rigdon, caused by defendant's gross carelessness and negligence as above stated, Mary Rigdon has been damaged in the sum of twenty-five thousand ($25,000) dollars, and Ethel Rigdon in the sum of ten thousand ($10,000) dollars, and Ora Frank Rigdon in the sum of ten thousand ($10,000) dollars, and thereby defendants became bound and promised to pay to plaintiffs the sums of money above specified, yet to pay the same or any part thereof defendants have wholly failed and refused, although demanded so to do; wherefore plaintiffs pray that defendants be duly cited to appear and answer this petition by delivering a copy of the citation as the law prescribes to George E. Wilcox and also to Otto K. Burwitz, secretary of said corporation, and to W. E. Thomas, and that on final hearing plaintiffs have judgment, Mary Rigdon for the sum of twenty-five thousand ($25,000) dollars and Ethel and Ora Frank Rigdon each for the sum of ten thousand ($10,000) dollars, and for such other and fuller relief as plaintiffs may in law and equity be entitled to, and as in duty bound will ever pray."

A general demurrer was addressed to the petition, and also special demurrers to the effect that:

1.   The appellee company being a corporation was not liable and responsible under the death statutes of this State.

2. The facts averred showed that O. T. Rigdon was guilty of contributory negligence in permitting a burning or lighted lamp to remain over him.

3. The damages claimed are remote and speculative.

4. That these averments to the effect that Mary Rigdon is a woman not strong physically and thereby not able to earn her own living and that of her children, and that the children are infants and of tender years, and that by the death of O. T. Rigdon, plaintiff was left in poverty, and that Mary Rigdon has with great difficulty obtained a poor support for herself and children,—the objection to these allegations are that these facts were not alleged to be known to the appellee or within the contemplation of defendant company at the time the injury was inflicted, and further, because said allegations are not proper elements of damages and are merely argumentative statements and should be stricken out.

The court below sustained the demurrers, and rendered judgment in favor of appellee.

*Opinion.*—1. The petition alleges a cause of action, and therefore the court erred in sustaining the general demurrer. The erection of a stand-pipe or reservoir on the land of appellee and storing water in it is not a nuisance per se, and the use of its property in this way is the exercise of a privilege that it may enjoy. But respect for the rights of adjacent owners required of the appellee that it should erect and construct the stand-pipe or reservoir in a way that was reasonably safe, and to exercise reasonable diligence and care in building and using it. If it was guilty of negligence in these matters, and injury was occasioned thereby to adjacent owners, it would be liable for whatever damages may proximately result from such negligence. Many cases may be cited in support of this principle, but a reference to 1 Thompson on Negligence is sufficient, where the question is fully discussed.

The petition charges negligence and shows that the damages claimed are the result of such negligence. Therefore, as said, there was error in sustaining the general demurrer.

2. At the time of the trial of this case in the court below, the Supreme Court had not decided the identical question raised by the first special exception, and the learned trial judge evidently followed the case of Ritz v. City of Austin, 1 Texas Civ. App., 455, which was supposed to express the law as ruled by the trial court. Since then the Supreme Court, in the case of Fleming v. Texas Loan Agency, 27 S. W. Rep., 126, has held that a corporation is liable under the death statutes of this State, and that it is a person within the meaning of that law.

3. The facts pleaded do not show that the deceased husband of appellant was guilty of contributory negligence in using the lamp, nor does it appear from the averments that negligence of any character upon his part contributed to his death. The rule upon this subject is fully stated in the recent case of Railway v. Sheider, 30 S. W. Rep., 903.

4. The damages alleged are not speculative or remote, and it is shown that they proximately resulted from the negligence charged. The original negligence was the faulty construction of the water tower. The explosion of the lamp and the ignition of the oil was the proximate result of the fall of the tower. This effect is traceable to the original cause, which is found to be the negligence of appellee in erecting the tower. Railway v. Mussette, 86 Texas, 710.

5. The allegations objected to by the fourth special exception could have been stricken out and left a good cause of action stated by the petition. This special exception was properly sustained, but the court should not have thereupon rendered judgment in favor of appellee, but the judgment should have been that these averments should be stricken out. The facts averred were simply surplusage, and when expunged, there remained, as stated, a good cause of action.

Judgment reversed and cause remanded.

*Reversed and remanded.*

Delivered November 20, 1895.