## J. W. NIXON, ADMINISTRATOR, V. R. JACOBS.

### Decided November 15, 1899.

**1.  Trial—Preliminary Questions—Submitting Case in Parts.**

It is within the jurisdiction of the court to try first a preliminary issue in the case, as where a third person was made a party on motion of defendant alleging him to be a partner or interested in the account sued on, which facts were denied and issue joined on them by plaintiff.

**2.  Charge—Omission—Request—Special Issues.**

It was within the discretion of the court to refuse to submit the case to the jury on special issues; and requested instructions, though supplying omissions in the charge given, may be rufused if so framed as to require special findings.

**3.  Evidence—Harmless Error.**

Admission of irrelevant evidence which did not prejudice the party complaining is not ground for reversal.

**4.  Suit by Administrator—Evidence—Transaction with Decedent.**

One who, on trial of a preliminary issue as to the right to make him a party, has been properly found to be no partner and not interested in the suit, can not be excluded from testifying, in a suit by an administrator, as to transactions with the decedent.

**5.  Administration—Rejection of Claim—Limitation—Excuse for Delay in Suit.**

Failure to sue within ninety days on a claim rejected by the administrator is excused by proof that the administrator, when it was presented, asked time to consider it, and after rejection omitted to notify claimant of his action until the ninety days had expired.

**6.  Statute of Frauds—Debt of Another—Form of Account Immaterial.**

Though accounts were kept in the form of sales to tenants of decedent (he being entered as security), and were so presented to his administrator, the form of the accounts will not restrict claimant to proof of a written promise by decedent, nor conclude him from showing that, by the actual transaction, decedent was liable for such accounts as principal.

APPEAL from County Court of Caldwell.  Tried below before Hon. GEO. W. KYSER.

*Harwood & Walsh,* for appellant.

*Thos. McNeal,* for appellee.

KEY, ASSOCIATE JUSTICE.—Appellee brought this suit against appellant as the administrator of the estate of R. T. Nixon.  The action is one of debt upon an open account.  The defendant filed a motion seeking to make J. E. Wagner a party plaintiff, upon the ground that he was either the owner of the account sued on or a partner with appellee. Appellee denied these averments, and the case being on the jury docket, the preliminary question of Wagner's ownership or interest in the claim was first tried and submitted to the jury before the trial of the main case on the merits.

It is claimed that this procedure was irregular and should result in a reversal of the case.  It was within the discretion of the court to try

the preliminary question first, and it being one of fact, appellee had the right to insist upon it being submitted to the jury.    Tynburg v. Cohen, 67 Texas, 220; same case, 76 Texas, 410.

The charge of the court was correct in so far as it went, and was not calculated to mislead the jury.    If it did not as fully define the term partnership as appellant desired, a special charge, prepared in a form to supplement the court's charge, should have been requested.    The only special charge requested on the preliminary question was one submitting special issues and requiring a special verdict.    We also rule that it was within the discretion of the court to refuse to submit the question to the jury upon special issues.

The error, if any, in admitting the contract between J. E. Wagner and appellee was harmless; because, if it was executed subsequently to the transactions which form the basis of appellee's suit, there was a former contract between Wagner and the firm of Kleinsmith & Jacobs, similar in terms and covering the time referred to, and appellee has succeeded to the rights of said firm.

We also hold that the finding of the jury that J. E. Wagner had no pecuniary interest in the claim sued on is sustained by evidence, and such being the case, no error was committed in permitting him to testify in the main case as to the transactions between him and R. T. Nixon, deceased.

We also rule that appellee furnished sufficient excuse for not filing suit within ninety days from the date of the rejection of the account sued on.

Appellant pleaded the statute of frauds, alleging that R. T. Nixon was merely a surety, and had not signed any writing promising to pay the debt, as required by the statute.    Appellee alleged and submitted evidence tending to prove that R. T. Nixon directed that the goods be sold to his tenants, and agreed that he would become primarily liable for the debts.    The accounts sued on were made out in the names of the several tenants, with R. T. Nixon's name, and immediately following it the word "security."    Appellant asked a special charge which, in effect, asserted that if the accounts were presented to him as administrator, in the form stated, and after request appellee failed to produce written orders or other writing signed by R. T. Nixon, the claims were rightly rejected by the administrator, and appellee was not entitled to recover thereon.    This charge was properly refused, because it gave conclusive effect to the form in which the accounts were kept.    Notwithstanding the fact that the accounts were kept in this form, appellee had the right, if he could do so, to show the actual transaction between his agent and R. T. Nixon, and if the transaction was such as made the latter liable as principal, the statute of frauds was not available as a defense.

There are some other questions not discussed in this opinion, but they have all been considered, and the conclusion reached that no reversible error is shown.    The judgment is affirmed.

*Affirmed.*