## WILLIAMS v. KINCANNON et al.   (No. 82.)

(Court of Civil Appeals of Texas. Waco. Oct. 30, 1924.)

**1. Bills and notes ☞59—One not party to notes not liable, though given to further business of partnership of which he was member.**

One not party to notes held not liable thereon, even if given to further business of partnership, of which he was member, in absence of evidence that he assumed payment thereof, that payee sustained loss because of partnership business, or that notes were given in satisfaction of, or as indemnity against, loss.

**2. Partnership ☞49—Allegations in separate answer held not evidence of partnership against codefendant.**

Allegations of partnership in separate answer of certain defendants held not evidence of such partnership against codefendant.

**3. Appeal and error ☞753(2)—Interlocutory judgment for one defendant affirmed in absence of assignments attacking it.**

In absence of assignments attacking interlocutory judgment for one defendant as not supported by evidence, or complaining of manner in which rendered or on any other account, appellate court must affirm judgment.

**4. Bills and notes ☞503—Testimony as to purpose for which notes sued on were executed held material.**

In action on notes against makers and another, latter's testimony that notes were executed to secure payee from loss by unusual hazards, such as storm, fire, etc., destroying seeds purchased with money advanced by payee, held material and necessary to sustain judgment for makers.

**5. Witnesses ☞139(16)—Partner not party to notes executed by copartners not proper party to suit thereon in absence of proof of written assumption.**

Partner, not party to notes executed by other partners, held not proper party to suit thereon, within Rev. St. art. 3690, in absence of proof of written assumption thereof by him.

**6. Witnesses ☞139(2)—Defendant for whom interlocutory judgment was rendered held to have ceased to be party and competent to testify for codefendants.**

On rendition of interlocutory judgment for defendant, whom plaintiff did not dismiss, though he made no attempt to prove only allegation in petition justifying joinder of such defendant, latter ceased to be party, within Rev. St. art. 3690, as effectively as if court had dismissed case as to him, and hence became competent to testify for codefendants.

**7. Witnesses ☞140(2)—Circumstances under which one not party to suit is disqualified as witness stated.**

One not party to suit is disqualified as witness under Rev. St. art. 3690, unless called by adverse party, when he is constructive party by representation, interested in subject-matter, and bound by whatever judgment may be rendered.

**8. Witnesses ☞140(1)—One not party to suit not qualified as witness, because interested in result, when not party by representation.**

One not party to suit is not disqualified as witness because interested in result, when not party by representation, so as to be bound by any judgment rendered.

**9. Witnesses ☞139(2)—Defendant for whom interlocutory judgment was rendered held not party by construction, and hence competent to testify for codefendants.**

One not party to notes executed by copartners held not party to suit thereon by construction, after interlocutory judgment in his favor, so as to be bound, as between himself and codefendants, by any judgment rendered, and hence not disqualified as witness for them, under Rev. St. art. 3690.

**10. Bills and notes ☞516—Judgment for defendants in suit on notes held supported by evidence.**

Evidence held sufficient to support judgment for parties executing notes sued on for moneys advanced to them as gin owners by manager of oil mill for purchase of seeds.

Appeal from District Court, McLennan County; H. M. Richey, Judge.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Action by S. C. Williams, on whose death his executor, Luke Williams, was substituted, against G. E. Kincannon and others. Judgment for defendants, and plaintiff appeals. Affirmed.

W. H. Jenkins and Bryan & Maxwell, all of Waco, for appellant.

Sam R. Scott, of Waco, for appellees.

GALLAGHER, C. J. The date of the institution of this suit is not shown affirmatively, but the answer of a part of the defendants recites that it was filed on the 8th day of July, 1919. It appears from the record that it was filed by S. C. Williams, now deceased, to recover against appellees G. C. Kincannon, J. L. Litterell, and J. W. Adams on five promissory notes executed and delivered to him by them. The parties will be designated as in the trial court.

The original plaintiff died, and on March 5, 1923, appellant, Luke Williams, executor of his will, filed herein an amended petition, alleging his appointment and qualification as such executor, and seeking recovery on said five notes against the makers thereof and against Edward Rotan, who was made a party defendant in said suit for the first time by said amended petition. The notes declared on were all dated July 15, 1913, and became due one, two, three, four, and five years after date, respectively. Some minor credits on the interest and principal of said notes were admitted in said amended petition, and the same further admitted that the defendants were liable to plaintiff for only three-fourths of the amount of said notes. No cause of action was asserted against said defendants except on said notes.

Plaintiff sought recovery against defendant Rotan on the ground (1) that he, the said Rotan, had in writing assumed the payment of the notes sued on; (2) that at the time of the execution and delivery of said notes a partnership existed between the deceased S. C. Williams and the defendants herein, and that said notes were executed in such partnership business, and that said Rotan was liable thereon as a member of such partnership, and that his failure to actually sign said notes was an oversight; (3) that, if said Rotan was not liable on said notes, he was liable for the loss sustained by the deceased in the amount of said notes.

The defendants other than Rotan pleaded a partnership between the deceased and all the defendants, and that such partnership was engaged in operating a certain oil mill of which the deceased was manager; that it was customary for oil mills to finance ginners in the purchase of seed from their customers, under an agreement that the seed so purchased should be sold to the mill making such advances; that the defendants signing said notes stated that they were unable to make advancements for such purpose; that the deceased stated that he had the money to make such advancements, and would do so if said defendants would execute and deliver to him the notes sued on to indemnify him against loss, and in this connection stated that the only chance for loss would be in the event of fire or storm or some such catastrophe; that they executed and delivered said notes for the purpose of so protecting the deceased from loss in the event the seed purchased with the money advanced by deceased to the owners of gins was destroyed by fire, storm, or other such casualty; and that no such casualty had occurred, and that no loss was suffered by the deceased. They also pleaded under oath non est factum, and that said notes were given without consideration.

The defendant Rotan answered separately, and pleaded misjoinder of parties and causes of action; he denied all plaintiff's allegations, and pleaded the statute of limitation of four years, and also pleaded under oath non est factum as to said notes and as to the said alleged written assumption of the same by him and want of consideration for such written assumption, if such writing was found to exist. He nowhere in his pleadings alleged or admitted the existence of such partnership.

The case came on for trial before the court. Plaintiff proved that the signatures of defendants Kincannon, Litterell, and Adams to the notes sued on were genuine. He then introduced the notes in evidence. The notes so introduced in evidence did not show the name of said Rotan as maker or indorser or as a party thereto in any way. No writing assuming the payment of said notes by said Rotan or by any one else purporting to act for him was introduced in evidence. Plaintiff introduced in evidence a part of the separate answer of the defendants Kincannon, Litterell, and Adams as follows:

"For further answer herein, if need be, these defendants show to the court that they, together with the plaintiff, S. C. Williams, and Edward Rotan, composed a partnership which did business at Bruceville, Tex., under the name of Independent Oil Company."

No other evidence was introduced by plaintiff, and he then rested his case. At this juncture the defendant Rotan moved the court to render judgment in his favor, on the ground that there was no evidence in the case before the court tending to show that he was in any manner liable on the cause or causes of action sued on by plaintiff. The court sustained said motion and entered judgment in favor of said Rotan that the plaintiff take nothing against him. There was neither objection nor exception to such action of the court at the time, nor is the same assigned as error in this appeal.

The other defendants afterwards placed said Rotan on the stand as a witness in their behalf, and his testimony, over the objection of the plaintiff, was heard and considered by

the court. At the conclusion of the testimony offered by them said defendants rested, and, plaintiff offering nothing in rebuttal, the evidence was closed. The court thereupon rendered judgment for said defendants Kincannon, Litterell, and Adams that plaintiff take nothing against them. Plaintiff has appealed from that judgment.

[1] While the plaintiff by an appropriate assignment of error complains of the judgment against him in favor of the defendants Kincannon, Litterell, and Adams, and assails the same on the ground that such judgment is without support in the evidence and contrary thereto, the judgment against plaintiff in favor of defendant Rotan is in no way attacked. Plaintiff sought to recover on the notes declared upon. Rotan was not a party thereto. No recovery could be had against him on said notes, even if they had been given in furtherance of the business of a partnership of which he was a member. Sanger v. Warren, 91 Tex. 472, 481, 484, 44 S. W. 477, 66 Am. St. Rep. 913.

[2, 3] There was no attempt to prove that Rotan had assumed the payment of said notes in writing or otherwise. The allegations of partnership contained in the separate answer of his codefendants were not evidence of such partnership against him. There was no proof that deceased ever sustained any loss on account of the alleged partnership business, or that said notes were given in satisfaction of such loss or as indemnity in contemplation of the possibility of such loss subsequent to their execution and delivery. It appears therefore that the defendant Rotan was entitled on the facts in evidence, when plaintiff rested his case, to a judgment in his favor denying a recovery against him. There being no assignment attacking such judgment as being without support in the evidence, and no assignment complaining of the manner in which same was rendered or complaining of the same on any other account, it becomes our duty to affirm such judgment on appeal, and it is so ordered.

[4] The only assignment submitted by plaintiff other than the one above referred to complains of the admission of the following portion of the evidence of said Rotan as a witness for the other defendants, to wit:

"The notes sued on were executed with the understanding with Mr. Cooper Williams, the payee in said notes, that they were for the purpose of securing Mr. Cooper Williams from loss by reason of the unusual or extraordinary hazards; such as storm, fire, or matters of that kind."

In this connection the record shows that the deceased was commonly known as Cooper Williams. Plaintiff's objection to the introduction of said testimony was as follows:

"That said witness Rotan was incompetent to testify as to those matters, and his testimony was inadmissible for the reason that witness Rotan was a party to the suit on trial; that he was interested in the transaction inquired about and liable for his pro rata of the notes sued on; that S. C. Williams, payee in said notes, was dead; and that the testimony of said Rotan involved transactions by and with the deceased, and was for such reason incompetent and inadmissible."

The testimony complained of was material, and without it the judgment in favor of the makers of said notes would be without support in the evidence. Mr. Rotan testified to the existence of the partnership substantially as alleged by the other parties to the suit, and further testified that, while he did not sign the notes, he recognized that they were executed and delivered for the benefit of the partnership, and that he was morally responsible for his share of the loss, if any, and that he had made a qualified promise to consider sharing the same, but that he did not mean to assume any legal liability in the premises.

[5] Mr. Rotan was not a party to the suit when first filed. The record shows that the original defendants took his deposition, in which he testified substantially as he did on the trial of the case. This deposition was suppressed for some informality, and plaintiff immediately filed an amended petition, joining him for the first time as a party defendant in the suit. He was a proper party to the suit, if he in fact assumed in writing the payment of the notes sued on, since a written assumption would import a valuable consideration. On no other ground was he a proper party to the suit. The plaintiff made no attempt to prove his allegation of a written assumption of the notes by Mr. Rotan. No cause of action was established against him, and he was entitled to the judgment in his favor so rendered by the court. Should the remaining defendants in the cause, notwithstanding such judgment in his favor, be deprived of his testimony on the trial of the issues between them and plaintiff because he had been made a party to the suit on an allegation which plaintiff did not attempt to prove? The Supreme Court, in the case of Bilger v. Buchanan, 6 S. W. 408, 409, had before it the question of the proper course to pursue when the testimony of a party improperly joined in the suit was desired. We quote from the opinion in that case as follows:

"If one is improperly a party, and this is apparent on the face of the pleadings, the objection should be made before the evidence is taken, should the party wish to testify. If the misjoinder is not developed until the evidence has been taken, wholly or in part, the party wishing to testify should move the court to have the case dismissed as to him. If he is not successful in either event, he can have the rulings below revised in this court. But, if he continue a party, though an improper one, he cannot testify as to statements made by de-

ceased ancestor under whom his adversary claims."

See, also, Nixon v. Jacobs, 22 Tex. Civ. App. 97, 53 S. W. 595.

[6] Mr. Rotan, being a party defendant in the case under consideration, could not be "dismissed" therefrom at the instance of the other defendants. The plaintiff, notwithstanding he made no attempt to prove the only allegation in his petition which justified his action in joining Rotan in the suit, did not see fit to dismiss the case against him. Evidently, the only way to apply in this case the rule laid down by the Supreme Court as above quoted was to move for an interlocutory judgment in favor of said Rotan. This motion was made and a judgment in his favor granted in response thereto, and plaintiff did not object to such action at the time, and is not complaining of the same now. He ceased to be a party to the controversy so continued between plaintiff and the other defendants as effectively as if the trial court had, in the language of the Supreme Court quoted above, "dismissed the case as to him." An order or judgment of the court dismissing the case against him would have been interlocutory only, the same as the judgment in his favor that plaintiff take nothing against him. Since an interlocutory order or judgment "dismissing the case against him" would have restored his competency, we do not see how the interlocutory judgment in his favor that plaintiff take nothing against him could fail to have a like effect. Plaintiff's contention is that Mr. Rotan remained a party to the suit, notwithstanding such action, within the meaning of article 3690 of our Revised Statutes. We do not think this contention sound.

[7, 8] No cross-action was filed by any of the original defendants seeking to recover of Mr. Rotan as a former partner by way of contribution. One not a party to the suit is still disqualified as a witness under the above statute, unless called by the adverse party, when he is a constructive party thereto by representation, is interested in the subject-matter of the suit, and bound by whatever judgment may be rendered therein. Simpson v. Brotherton, 62 Tex. 170; Hedges v. Williams, 26 Tex. Civ. App. 551, 64 S. W. 76, 77, 78; Tomkins v. McGinn (Tex. Civ. App.) 85 S. W. 452; Clark v. Briley (Tex.

Civ. App.) 193 S. W. 419, 422; Bennett v. Cattle Co., 1 Tex. Civ. App. 321, 21 S. W. 126. Instances of the application of this rule are given in the cases just cited. On the other hand, one not a party to a suit is not disqualified as a witness therein because he may be interested in the result of the same, when he is not a party thereto by representation so as to be bound by any judgment rendered therein. Gilder v. Brenham, 67 Tex. 345, 349, 3 S. W. 309; Ingersol v. McWillie, 9 Tex. Civ. App. 543, 30 S. W. 56, 58, 59 (writ refused); Barker v. Johnson (Tex. Civ. App.) 154 S. W. 609, 610, 611; Dicken v. Cruse (Tex. Civ. App.) 176 S. W. 655, 658 (writ refused); Barnet v. Houston, 18 Tex. Civ. App. 134, 44 S. W. 689, 693 (writ refused); Richards v. Hartley (Tex. Civ. App.) 194 S. W. 478.

[9, 10] We do not think Mr. Rotan, after such judgment in his favor, remained a party to the suit by construction so as to be bound as between himself and the remaining defendants by any judgment which the court might render therein. In the event he should be sued by such other defendants as a partner for contribution, we see nothing in the case as presented to prevent his disputing in such suit the validity of any recovery by plaintiff against them, as well as the amount of such recovery, if any. Even before the interlocutory judgment in his favor he and the other defendants were in no sense adverse litigants. Gulf, C. & S. F. Ry. Co. v. Ry. Co., 83 Tex. 509, 517, 518, 18 S. W. 956; Sandoval v. Rosser (Tex. Civ. App.) 26 S. W. 930; James v. James (Tex. Civ. App.) 164 S. W. 47. Not being at the time he testified within the meaning of the statute, an actual party to the suit nor a constructive party by representation so as to be bound by any judgment which the court might render in disposing of the issues between plaintiff and the remaining defendants in the case, the court did not err in permitting him to testify in behalf of such other defendants. When his testimony is considered, we cannot say that the judgment in favor of such other defendants is without support in the evidence.

The judgment of the court denying plaintiff a recovery against any of the defendants is affirmed.