GEE et al. v. JERNIGAN et al.

No. 3220.

Court of Civil Appeals of Texas. El Paso. June 13, 1935.

Rehearing Denied June 27, 1935.

Ronald Smallwood, of Tyler, for appellants.

Butler, Price & Neill, of Tyler, for appellees.

WALTHALL, Justice.

C. M. Jernigan, as administrator of the estate of W. M. Jernigan, deceased, and in person, Mrs. Grace Jernigan, wife of W. M. Jernigan, and others interested in the estate of W. M. Jernigan, deceased, whose names we need not state, as plaintiffs, brought this suit against Maxie Gee and wife, Eliza Gee, and a number of others, not here named, as defendants. The suit is in trespass to try title to a tract of 38 acres of land in Smith county, Tex., and fully described in the petition.

Defendants answered by a plea of not guilty; and further answered by way of cross-action against plaintiffs, in which cross-action they allege that plaintiffs are claiming the land involved in this suit under a warranty deed, duly recorded, wherein Maxie Gee and wife, Eliza Gee, conveyed the premises involved to W. M. Jernigan; that the consideration recited in said deed is the cancellation and surrender to defendants of certain vendor lien notes; "that said deed was procured by the said W. M. Jernigan by fraud and misrepresentations to the said Maxie Gee, Eliza Gee, and the other defendants herein; that they entered into an agreement with the said W. M. Jernigan, whereby they agreed to convey a tract of land other than the tract involved (a fifty acre tract) to the said W. M. Jernigan, and as a consideration for such conveyance, the said Jernigan was to surrender to these defendants the vendor lien notes which were executed by Maxie Gee as security for the payment of the purchase price of the premises involved. These defendants further allege that in consummation of such agreement, the said Jernigan prepared or caused to be prepared, a deed, whereby the said defendants would convey to him the other tract of land mentioned, (fifty acre tract) other than the tract involved; that these defendants executed said deed, and at the time said deed was executed by these defendants, the purported deed to the property involved was handed to the defendants, Maxie Gee and Eliza Gee, for their signatures; that the said Jernigan, nor the Notary Public taking the acknowledgments of these defendants, did not explain to Maxie Gee and Eliza Gee that it was a deed to the land involved in this suit."

The defendants then allege that in executing the deed to the 38-acre tract, the

tract involved here, they thought they were executing a deed to the 50-acre tract, and that Jernigan, by reason of the facts alleged, was guilty of constructive fraud.

Defendants allege that they are the owners of the 38-acre tract of land, and that Jernigan's recorded deed casts a cloud upon their title, which they ask be removed.

Later, Maxie Gee amended the above answer and cross-action as to him and filed a disclaimer, asserting that he had no interest in the 38 acres of land.

The plaintiffs answer the defendants' cross-action by general denial, and pleas of the statutes of limitation of three and five years. The court, after hearing the evidence, instructed the jury to find for the plaintiffs, and upon the return of the verdict the court entered judgment for plaintiffs.

The court overruled defendants' motion for a new trial, and the case is properly here on appeal.

## Opinion.

The evidence shows that W. M. Jernigan, father of appellees, was dead at the time of the trial of this case.

While Maxie Gee and his wife, Eliza Gee, answered and defended their title to the 38 acres of land involved in the suit on the ground that W. M. Jernigan procured the deed to said 38 acres of land by fraud and misrepresentations, and then sets out the agreement which he alleges W. M. Jernigan entered into as the consideration for such conveyance, the conveyance to Jernigan of the 50-acre tract of land, and as a consideration for the release of the vendor's lien notes of Maxie Gee on the 38-acre tract, as more fully stated above, pending the trial, Maxie Gee, with leave of the court, withdrew his former answer and filed an amended answer for himself in which he disclaimed any right, title, or interest in the 38 acres of land, and in his amended answer he says that, at the time of the filing of the suit, he owned no interest in said property and has not since and does not now claim or own any interest in said property.

On the trial appellants offered Maxie Gee as a witness on their cross-action, to prove by him the transaction he had with the deceased, W. M. Jernigan, as to the release by Jernigan of the vendor's lien notes held by Jernigan against the 38 acres of land, and as a considera-

tion for doing so Maxie Gee was to execute to Jernigan the deed to the 50 acres. The appellants offered to show by Maxie Gee, in substance, as follows:

The deed to give the 50 acres in payment for the vendor's lien notes was between the witness and Jernigan; witness was to give the 50 acres in payment of the notes; witness bought a house in 1920 from Jernigan and had paid for it in part only; to that Jernigan made no reply; Jernigan then said: "Well now Uncle Maxie (after Jernigan got the fifty acres) what we going to do about your little note?" "I said, now, boss, I'll tell you what I'm going to do, I'm down (helpless) the boys use it, if the rent (on the 38 acres) comes to me, I collect the rent, I turn you the rent on the debt. Well, he never said a word about buying it." "Well, we (witness and his wife, Eliza) signed the deed to the fifty acres, and the thirty-eight acres wasn't mentioned, and when we made this deed to the fifty acres, in about two weeks he come in and taken up the notes on the 38 acres and turned them over to me." Witness said he had been in possession of the 38 acres since then. Witness did not know when he was signing the deed that it was to the 38 acres; said that was not any part of the deal, wasn't anything said about it; the first time witness heard that Jernigan or any of his children were claiming the land was in 1932; Jernigan was then dead. The children (appellants) then claimed it. Witness said Jernigan drew up the deed; nothing was said about the deed being a deed to the 38 acres; witness thought it was a deed to the 50 acres. Witness said he bought the 38 acres for his boys, one of them was living on it. Witness said he never claimed to own it for himself; he bought it for the boys; that was his intention.

Witness would testify that he signed only one deed; did not sign the deed to the 38 acres; his name was signed to the 38-acre deed, but said he did not sign it; what taxes he paid were paid in his name. One of witness' sons was living on the 38-acre tract when witness signed the deed.

The court sustained appellees' exceptions to all of the above evidence of Maxie Gee, on the objection made that it relates to and is in contravention of article 3716, Rev. Civ. Statutes of this state; that there are no pleadings on the part of appellants to admit such evidence; that the evidence tends to vary the description contained in

the deed, and is an attempt to show by parol that the deed was intended to be to the 50-acre tract and not the 38-acre tract.

We think that by reason of the title to the 38-acre tract being in Maxie Gee at the time his evidence was offered, notwithstanding his disclaimer, and his relation to the other parties in the suit, and the relation of the appellees to suit filed, his evidence would not be admissible as to any transaction he had with the deceased, W. M. Jernigan, or statement made by Jernigan in the matter of any transaction involving the subject-matter of the suit; Maxie · Gee's interest apparently being a community interest. Leahy v. Timon, 110 Tex. 73, 215 S. W. 951, and cases filed.

The terms "transactions with" and "statements made by," used in the statute, include written and oral 'communications. Here it includes, under the evidence, the preparation of the deeds from Maxie Gee and wife to Jernigan, the execution and delivery of the deed and the receipt by Maxie Gee of the vendor's lien notes, the unpaid balance of the purchase price for the 38 acres, the execution and delivery of the deed to the 50-acre tract, in lieu of the money due on the notes, all being parts of the transaction Maxie Gee had with Jernigan in carrying out the unfinished or executory contract Maxie Gee had for the house and the purchase for the 38-acre tract of land. It includes also, we think, any question of fraud alleged, or that could be alleged, if any, against Jernigan in consummating the deal; it being a part of the act or acts done by Jernigan in securing the payment rendered.

Now, Maxie Gee disclaimed any interest in the subject-matter in the suit. He had, however, given a warranty deed to Jernigan to the 38 acres of land. The rule was announced in Bennett v. Virginia Ranch, Land & Cattle Co., 1 Tex. Civ. App. 321, 21 S. W. 126, that where a warrantor is made a party defendant in an action of trespass to try title, so as to render the judgment binding in him in favor of his vendees, he is a "party" within the meaning of the Texas statute which prohibits parties from testifying against the heirs or legal representatives of the decedents, though he had filed a disclaimer in the suit. Such was announced in Markham v. Carothers, 47 Tex. 21, 25; Eastham v. Roundtree, 56 Tex. 110; Brown v. Hearon, 66 Tex. 63, 64, 17 S. W. 395;

Kirby v. Estill, 75 Tex. 484, 12 S. W. 807; Simpson v. Brotherton, 62 Tex. 170; Newton v. Newton, 77 Tex. 508, 510, 14 S. W. 157.

All of the above cases, on different facts and circumstances, hold the one disclaiming, though in some instances not made an actual party to the record, but by reason of interest in the community property, was a "party" to the suit. The statute is not to be given a narrow construction, but should be extended to include those really in interest.

We have concluded that while the evidence tendered presents some difficult questions, under the facts as pleaded, the court was not in error in excluding the evidence.

Some questions presented we have not discussed in detail. We have considered them, and they are overruled.

The case is affirmed.