Bob MONGER et al., Appellants,

v.

W. E. MONGER, Appellee.

No. 4361.

Court of Civil Appeals of Texas.

Waco.

April 22, 1965.

Rehearing Denied May 13, 1965.

R. A. Kilpatrick, Cleburne, for appellants.

Morgan & Shropshire, David B. Owen, Fort Worth, for appellee.

WILSON, Justice.

Appellee obtained a judgment in a non-jury trial for title to and possession of land based on a pleaded written agreement between himself and his parents to the effect that in consideration of his taking care of his parents and providing for them during their lives, "upon their death the land would become" his property.

Although denominated a trespass to try title action, it is not such. The only points, as briefed, however, are that all the evi-

dence admitted to support the judgment was inadmissible under the Dead Man's Statute, Art. 3716, Vernon's Ann.Civ.St., and the evidence was consequently legally insufficient to sustain it.

The only evidence that appellee performed the alleged obligation to "take care of" his parents and "provide them with a living" as the agreement required was that of appellee's sister who was originally joined as a defendant. Her testimony, if admissible, supports the implied finding on these issues. Appellants' objections that she was incompetent as a witness and her testimony contravened Art. 3716 were overruled upon a showing that she had filed a disclaimer, and that before the suit was filed she had executed an unrecorded deed to the land naming appellee grantee.

Appellants' position is that the witness was a "party" within the meaning of Art. 3716 (which prohibits parties from testifying as to transactions with decedents under specified circumstances), or was so interested under the statute as to be incompetent as a witness, despite the disclaimer and the deed. The basis of the contention is the following testimony of appellee and his sister. He testified: "Q. If you win the land involved in this suit, is your sister going to own a part of it? Are you going to give her part of your interest if you get this land? A. Yes." He testified there was no written agreement. "Just what we talked about"; and "Q. If you win this law suit Mrs. Sample will own half and you will own half? A. Yes." The evidence of appellee's sister, Mrs. Sample, was: "I never had any agreement about the division of it. Q. Are you going to own half of it if he gets it? A. Yes, sir. Q. You will get half of it? A. Yes, sir. I can give you my word on that"; and "I can have half of the property; he's already promised me that faithfully." She testified also. "Q. That is just an understanding between brother and sister? A. Yes, sir. I know he will." And "Q. You are not saying you have anything from

a legal standpoint that you could insist on? A. No, I never did try to get any."

To come within the statutory prohibition a witness must "have or claim some actual interest in the subject matter of the suit pertaining to the estate of the deceased which may be affected by the judgment rendered." Disclaimer and divestiture of that interest ordinarily destroys the disqualification of the witness as a "party" under Art. 3716; and it is immaterial that the primary purpose of the conveyance was to remove that disability. Ragsdale v. Ragsdale, 142 Tex. 476, 179 S.W.2d 291, 295. If the transaction of divestiture was merely simulated to circumvent the statutory disqualification, however, and "the real ownership or beneficial interest" remains in the witness-grantor, the latter is nevertheless a "party" within the statute. Id. See Chandler v. Welborn, 156 Tex. 312, 294 S.W.2d 801, 809; cf. Hawkins v. McCowan, Tex. Civ.App., 246 S.W.2d 322, 324, writ ref.

In determining the competency of the witness the trial judge was required to determine preliminarily a fact issue, i. e., whether the witness retained such ownership or interest. Ditto v. Ditto Investment Company, 158 Tex. 104, 309 S.W.2d 219, 221. The test applied on review by the Supreme Court in the Ditto case was whether the trial court did or not "abuse his discretion," tested in turn by whether "the evidence affords a rational basis for the inference" reached as to whether the beneficial interest was actually divested. The court in the present case was authorized to conclude that there was an actual divestiture, and that the witness had a mere unenforceable hope or expectation of reacquiring the interest. We are unable to say from the record that his discretion was abused.

Affirmed.

## ON MOTION FOR REHEARING

Appellant now makes the contention, which we do not find in his brief, that ap-

pellee's sister is a "party" or has a disqualifying interest under Art. 3716 because she is a warrantor in a warranty deed conveying the land involved. The cases of Bennett v. Virginia Ranch, Land & Cattle Co., 1 Tex.Civ.App. 321, 21 S.W. 126, no writ; and Gee v. Jernigan, Tex.Civ.App., 83 S.W.2d 1102, writ dism., do hold that where such a warrantor is joined as a defendant so as to make the judgment binding on him, he is disqualified even though he has filed a disclaimer.

The mere fact that one is a warrantor, however, does not make him incompetent. In Stevens v. Masterson's Heirs, 90 Tex. 417, 39 S.W. 292, 294, the warrantor was named a party but was not served with process and did not appear. It was urged that actual notice of pendency of the suit was sufficient to bind him, even though plaintiff had asked that the warrantor be dismissed as a defendant. The Supreme Court rejected the contention, holding that if knowledge of pendency of the suit was sufficient to disqualify a warrantor under the statute, "then no warrantor could testify in a case in which parties are disqualified", because he would discover the pendency when his testimony was taken, "and would thereby be disqualified under such rule." His evidence was held to be admissible.

Cooper Grocery Co. v. Neblett, Tex.Civ. App., 203 S.W. 365, relied on by appellant was reversed, 221 S.W. 963, by the Supreme Court. Foster v. Cumbie, Tex.Civ.App., 315 S.W.2d 151, 154, writ ref. n. r. e., does not sustain the contention of the appellant. The other cases cited are not in point.

It is obvious that the evidence in this case would have justified the trial court in determining that the witness had or claimed "some actual interest in the subject matter of the suit" which might be affected by the judgment so as to disqualify her, as appellant insists. That is not the problem. We must decide whether the trial court's discretion was abused. We cannot conclude that it was. The motion for rehearing is overruled.